Jeffrey R. FULLER and Nancy L. Fuller, Appellants,

v.

Arthur L. JOHANNESSEN, Jr. and Claudette Johannessen, Appellees.

No. 94–1900–CIV–T–17B.
Bankruptcy No. 93–09819–8P7.

United States District Court, M.D. Florida, Tampa Division.

March 27, 1995.

D. Keith Thomas, Williams, Brasfield, Wertz, Fuller, Goldman, Freeman, & Lovell, St. Petersburg, FL, for appellants.

Rafael A. Robles, Law Office of Rafael A. Robles, Spring Hill, FL, for appellees.

## *ORDER*

KOVACHEVICH, District Judge.

This cause is before the Court on appeal from a determination by the United States Bankruptcy Court for the Middle District of Florida, the Honorable Alexander L. Paskay, Chief Bankruptcy Judge, presiding and pursuant to 28 U.S.C. § 158(a).

The legal issue on appeal is whether the Bankruptcy Court committed reversible error by dismissing, with prejudice, Count I and II of Appellants' Second Amended Complaint and the remaining count replead in Appellants' Third Amended Complaint.

## *STATEMENT OF FACTS*

On September 16, 1993, the Appellees, ARTHUR L. JOHANNESSEN, JR. and CLAUDETTE JOHANNESSEN, filed their

voluntary petition for bankruptcy, under Chapter 7, with the United States Bankruptcy Court for the Middle District of Florida. Subsequently, they filed a Schedule F, disclosing Appellants, JEFFREY R. FULLER and NANCY L. FULLER, as unsecured creditors.

On December 16, 1993, Appellants filed their initial complaint to determine dischargeability of debt, which instituted the adversarial proceedings in Appellees' bankruptcy proceedings. The Bankruptcy Court entered an order of conditional dismissal for failure to include the appropriate caption, filing fee and appropriate copies of Summons. Appellants then filed their amended complaint to determine dischargeability of debt. Under Fed.R.Civ.P. 12(b)(6), made applicable by F.R.B.P. 7012, Appellees filed a motion to dismiss. On April 5, 1994, the Bankruptcy Court entered its order granting motion to dismiss for failure to state a cause of action and granting leave for the filing of a second amended complaint.

On April 20, 1994, Appellants filed their second amended complaint to determine the dischargeability of debt. Appellees again responded by filing a motion to dismiss pursuant to F.R.B.P. 7012. On July 18, 1994, the Bankruptcy Court entered an order granting the motion to dismiss for failure to state a cause of action and dismissing Counts I and II with prejudice, but dismissing Count III with leave to amend.

Thereafter, Appellants filed their third amended complaint to determine dischargeability of debt. Again, Appellees filed a motion to dismiss pursuant to F.R.B.P. 7012. On September 13, 1994, the Bankruptcy Court, the Honorable Judge Alexander L. Paskay presiding, entered an order granting the motion to dismiss for failure to state a cause of action and dismissing the third amended complaint with prejudice.

Appellants contend that their second and third amended complaints stated three causes of action upon which relief can be granted. First, in Count I of the second amended complaint, Appellants contend that 11 U.S.C. § 523(a)(10) empowers the Court to determine the debt as not dischargeable under 11 U.S.C. § 727(a)(4). Next, in Count II of the second amended complaint, Appellants argue that 11 U.S.C. § 523(a)(4) authorizes the Court to determine the debt as not dischargeable. Finally, in the remaining count in the third amended complaint, Appellants assert that 11 U.S.C. § 523(a)(2)(A) allows the court to except the debt from dischargeability.

Conversely, Appellees argue Count I of the second amended complaint fails to state a cause of action upon which relief can be granted because 11 U.S.C. § 523(b) enables the Court to determine the debt dischargeable. Further, Appellees assert Count II of the second amended complaint fails to state a cause of action upon which relief can be granted because 11 U.S.C. § 523(a)(4) requires a fiduciary duty. Appellees argue a fiduciary duty never existed between the parties. Finally, Appellees contend the remaining count of the third amended complaint also fails to state a cause of action upon which relief can be granted. Appellees allege that Appellants' third amended complaint failed to enumerate Appellees' actionable, fraudulent behavior. Rather, Appellees argue Appellants' third amended complaint merely recites 11 U.S.C. § 523(a)(2)(A).

## DISCUSSION

■ A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

■ Count I of the Appellants' second amended complaint asserts that the debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(10), which enables the Court to determine the debt as not dischargeable under 11 U.S.C. § 727(a)(4). However, 11 U.S.C. § 727(a)(4) is clearly inapplicable to the case at bar inasmuch as Appellants have failed to allege any facts regarding 11 U.S.C.

727(a)(4), which allows the Court to grant the debtor discharge from a debt unless:

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;

(B) presented or used a false claim;

(C) gave, offered, received, or attempted to obtain money, property, or advantage or a promise of money, property, or advantage, for acting or forbearing to act; or

(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs

Appellants have failed to assert any fact or evidence giving rise to a determination of nondischargeability under § 727(a)(4). Appellants have not asserted that Appellees "made a false oath or account" in connection with this case, nor have Appellants asserted Appellees "presented or used a false claim" in connection with this case. Finally, Appellants have not asserted that Appellees acted in any manner to meet the criteria enumerated in (C) or (D) of § 727(a)(4). Thus, Appellants' reliance on Section § 727(a)(4) to save Appellants' assertion of 11 U.S.C. § 523(a)(10) to determine the debt nondischargeable is misplaced.

█ In any case, although the debt was previously declared nondischargeable by the Bankruptcy Court and affirmed on appeal by this Court, the basis for that determination was not a substantive adjudication of the validity vel non of the claim. The basis of that determination was strictly the failure of the Appellees to schedule the debt pursuant to 11 U.S.C. § 523(a)(3). Thus, unless it is prohibited in the Bankruptcy Code by the six (6) year limitation for re-filing a petition, 11 U.S.C. § 523(b) permits the Court to determine the debt dischargeable in a subsequent Chapter 7 proceeding. 11 U.S.C. § 523(b) provides that:

(b) Notwithstanding subsection (a) of this section, a debt that was excepted from discharge under subsection (a)(1), (a)(3), or (a)(8) of this section, under section 17a(1), 17a(3), or 17a(5) of the Bankruptcy Act, under section 439A of the Higher Education Act of 1965 (20 U.S.C. 1087–3), or under section 733(g) of the Public Health Service Act (42 U.S.C. 294f) in a prior case concerning the debtor under this title, or under the Bankruptcy Act, is dischargeable in a case under this title unless, by the terms of subsection (a) of this section, such debt is not dischargeable in the case under this title.

Therefore, because 11 U.S.C. § 523(b) specifically lists § 523(a)(3) debts as dischargeable, this Court affirms the Bankruptcy Court's dismissal of Count I of Appellants' second amended complaint.

As to Count II of Appellants' second amended complaint, Appellants utilize 11 U.S.C. § 523(a)(4) as a basis for determining the nondischargeability of the debt. § 523(a)(4) does not allow the discharge from any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]"

█ Since the amendment of the Bankruptcy Code in 1970, federal law governs issues of nondischargeability. *Grogan v. Garner*, 498 U.S. 279, 286, 284, 111 S.Ct. 654, 658, 112 L.Ed.2d 755 (1991). Hence, Section § 523(a)(4)'s usage of the term "fiduciary" must be interpreted according to federal law standards and not more lenient state court decisions as Appellants urge. *In re Angelle*, 610 F.2d 1335 (5th Cir.1980). The United States Supreme Court has held that "fiduciary" is not a term to construe expansively. *Quaif v. Johnson*, 4 F.3d 950, 953 (11th Cir.1993), *citing Chapman v. Forsyth*, 43 U.S. (2 How.) 202, 11 L.Ed. 236 (1844), *Upshur v. Briscoe*, 138 U.S. 365, 11 S.Ct. 313, 34 L.Ed. 931 (1891); *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934). Rather, the term refers to a "technical" trust. *Id.* Furthermore, the Supreme Court stipulated that the "technical" trust must have existed prior to the act which created the debt and without reference to the debt creating act. *In re Angelle*, 610 F.2d 1335 (5th Cir.1980) *citing Upshur v. Briscoe*, 138 U.S. 365, 11 S.Ct. 313, 34 L.Ed. 931 (1891); *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934).

686

■ Consequently, Appellants' reliance on § 523(a)(4) is erroneous. First, to construe the relationship between the parties as a "fiduciary" would be to oppose the holding of the Supreme Court, directing courts not to construe the term expansively. The relationship between the parties in the case at bar was strictly a contractual relationship, not a "technical" trust and thus, did not at any time rise to the level of a fiduciary. Even if the Supreme Court's holding were to be disregarded and the term construed expansively in order to find a fiduciary relationship, Appellants have not alleged that the fiduciary relationship existed prior to the contested act. Rather, Appellants point to the debt creating behavior as the basis of the fiduciary relationship, which removes Appellants' claim from within the purview of § 523(a)(4) under the Supreme Court's analysis in *Upshur. Id.* Therefore, this Court affirms the Bankruptcy Court's dismissal of Count II of Appellants' second amended complaint.

Finally, in the remaining count of the third amended complaint, Appellants seek a determination dischargeability of the debt under 11 U.S.C. § 523(a)(2)(A). Section 523(a)(2)(A) does not discharge debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]" In *Grogan,* the Court held the preponderance of the evidence standard, not the clear and convincing evidence standard, applies to all exceptions from dischargeability. *Grogan v. Garner,* 498 U.S. 279, 286, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991).

■ However, a creditor is not entitled to assert a legal allegation in a complaint with no substantial proof. *In re Lochrie,* 78 B.R. 257 (9th Cir. BAP 1987). A mere allegation of a cause of action under Section 523 is insufficient to render the claim dischargeable. *Id.* Further, exceptions to dischargeability under Section 523 are narrowly construed in favor of the debtor and against the creditor. *In re Beckett,* 96 B.R. 366, 368 (M.D.Fla.1989) *citing Murphy & Robinson*

*Investment Co. v. Cross,* 666 F.2d 873, 879–80 (5th Cir.1982).

■ In the case at hand, Appellants baldly assert a legal claim that the settlement was based on claims of fraud, but Appellants fail to assert proof. Rather, the record indicates the settlement included breach of contract issues. Additionally, the behavior Appellants cite as fraudulent on the part of Appellees are mere breach of contract acts on the part of a corporation; they are acts which promised a future performance of the corporation, but did not rely on a past or present misrepresentation of fact. Thus, the acts alleged are not indicative of "false pretenses, a false representation or actual fraud." Therefore, Appellants have not met the preponderance of the evidence standard required in Section 523 determinations of dischargeability, and this Court affirms the Bankruptcy · Court's dismissal of the final count in Appellants' third amended complaint. Accordingly, it is

**ORDERED** that the Order of the Bankruptcy Court granting motion to dismiss with prejudice and finding Appellant's Second and Third Amended Complaints failed to state a cause of action upon which relief can be granted is **affirmed.** The Clerk is directed to dismiss this case and forward a copy of this Order to the Bankruptcy Court.