United States Court of Appeals,

Eleventh Circuit.

No. 95-2658.

In re Arthur L. JOHANNESSEN, Jr. & Claudette Johannessen, p/k/a Claudette LaPointe, Debtors.

Jeffrey R. FULLER;  Nancy L. Fuller, Plaintiffs-Appellants,

v.

Arthur L. JOHANNESSEN, Jr., Claudette Johannessen, p/k/a Claudette LaPointe, Defendants-Appellees.

Feb. 28, 1996.

Appeal from the United States District Court for the Middle District of Florida. (No. 94-1900-Civ-T-17B and 93-00839), Elizabeth A. Kovachevich, Chief Judge.

Before ANDERSON and BLACK, Circuit Judges, and FAY, Senior Circuit Judge.

FAY, Senior Circuit Judge:

This appeal arises from the District Court's order affirming the Bankruptcy Court's decision to grant a motion to dismiss for failure to state a claim upon which relief can be granted. Appellants contend that the District Court erroneously affirmed the Bankruptcy Court's dismissal by imposing upon them the burden of proving facts in response to a motion addressing only the sufficiency of the complaint. We VACATE the judgment of the District Court with instructions that it VACATE the order of the Bankruptcy Court and REMAND the matter to the Bankruptcy Court for proceedings on the merits.

## I. BACKGROUND

Arthur Johannessen, Inc., a corporation in which Arthur Johannessen was the principal, constructed a home for creditors, Jeffrey and Nancy Fuller ("Fullers"). The Fullers filed a

complaint in state court against Johannessen, individually, alleging, *inter alia,* fraud and breach of contract in the construction of the home. However, the parties entered into a settlement agreement in which Johannessen agreed to pay the Fullers the sum of $16,000 with $3500 due immediately and the remainder to be paid pursuant to a promissory note. Judgement was then entered in accordance with the settlement agreement.

The appellees subsequently filed a voluntary petition for bankruptcy, under Chapter Seven, with the United States Bankruptcy Court for the Middle District of Florida. Thereafter, appellees filed their Schedule F disclosing the appellants as unsecured creditors.

In response, the Fullers filed their original complaint to determine dischargeability of debt. The Bankruptcy Court entered an order of conditional dismissal for failure to include the appropriate caption, appropriate copies of summons, and filing fee. The appellants then filed an amended complaint to determine dischargeability of debt. Appellees filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure made applicable to adversary bankruptcy proceedings under Rule 7012 of the Federal Rules of Bankruptcy Procedure. The Bankruptcy Court entered an order granting the motion to dismiss for failure to state a claim which granted leave for the filing of a second amended complaint.

Appellants filed a second amended complaint and in turn, the appellees filed a motion to dismiss pursuant to the aforementioned Federal Rules. The Bankruptcy Court granted the motion to dismiss

for failure to state a claim, whereby Counts I and II were dismissed with prejudice, however, Count III was dismissed with leave to amend. Appellants filed a third amended complaint and the appellees again filed a motion to dismiss. After a hearing on the matter, the Court entered its order granting the motion to dismiss for failure to state a claim, thereby dismissing appellant's third amended complaint with prejudice.

The appellants filed a notice of appeal to the District Court, where that court affirmed the Bankruptcy Court's order dismissing the second and third amended complaints with prejudice. Appellants appeal the decision of the District Court affirming the order of the Bankruptcy Court solely with regard to the dismissal of the third amended complaint.

## II. STANDARD OF REVIEW

Our review of a dismissal for failure to state a claim is *de novo*. *Hunnings v. Texaco, Inc.,* 29 F.3d 1480, 1484 (11th Cir.1994).

## III. DISCUSSION

Appellants assert that the District Court erroneously affirmed the Bankruptcy Court's dismissal of appellants' third amended complaint with prejudice by imposing upon them the burden of proving facts while opposing a motion which solely addresses the complaint's sufficiency. In the complaint appellants alleged that the debt is excepted from discharge pursuant 11 U.S.C. § 523(a)(2)(A). As an exception to its discharge provisions, § 523 of the Bankruptcy Code provides:

> (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

   *   *   *   *   *   *

   (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

    *   *   *   *   *   *

   (A) false pretense, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

"Since 1970 ... the issue of nondischargeability has been a matter of federal law governed by the terms of the Bankruptcy Code." *Grogan v. Garner,* 498 U.S. 279, 284, 111 S.Ct. 654, 658, 112 L.Ed.2d 755 (1995). Furthermore, the operative terms in § 523(a)(2)(A) of "false pretenses, a false representation, or actual fraud" are common-law terms which intimate elements the common law has defined them to comprise. *Field v. Mans,* --- U.S. ----, ----, 116 S.Ct. 437, 443, 133 L.Ed.2d 351 (1995).

 The District Court properly relied on *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), for the rule that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45-46, 78 S.Ct. at 102. However, the District Court also cited *Urbatek Systems, Inc. v. Lochrie (In re Lochrie),* 78 B.R. 257 (Bankr. 9th Cir.1987), for the proposition that a creditor is not entitled to assert a legal allegation in a complaint with no substantial proof. The District Court continued by stating: "... [A] mere allegation of a cause of action under § 523 is insufficient to render the claim dischargeable." *Fuller v. Johannessen,* 180 B.R. 682, 686 (Bankr.M.D.Fla.1995) This is followed by a discussion of the settlement in the state court

matter and the conclusion that: "Therefore, Appellants have not met the preponderance of the evidence standard required in Section 523 determinations of dischargeability, and this Court affirms ..." *Id.*

Most respectfully, we feel that the District Court has misinterpreted these cases and imposed an improper burden on appellants. *Lochrie* dealt with the availability to unlisted creditors of the savings provisions of § 523(a)(3)(B) and 523(c). As pointed out in *Lochrie,* after testing the sufficiency of the allegations, there must be a trial on the merits. The problem in *Lochrie* arose because of a summary ruling based upon the allegations alone. The court there concluded: "We reverse the bankruptcy court's ruling insofar as it finds that mere allegations of a cause of action under § 523(a)(2), (4), or (6) are sufficient for a finding of nondischargeability under § 523(a)(3)(B). This matter is remanded to the bankruptcy court for a determination of the merits of Urbatek's § 523(a)(2)(B) claim." *Lochrie,* 78 B.R. at 259.

There are two steps in handling these questions. The first involves a review of the sufficiency of the allegations. If the allegations are sufficient, the second step deals with the trial on the merits under the appropriate burden of proof.

In reviewing the sufficiency of the allegations, we turn to *Conley.* "The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim ... all the Rules require is a "short and plain statement of the claim' that will give the defendant fair notice of what the

plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. at 103. In addition, "the district court must accept the allegations of the complaint as true and must construe the facts alleged in the light most favorable to the plaintiff." *Hunnings,* 29 F.3d at 1484.

The elements of a claim under § 523(a)(2)(A) are: the debtor made a false statement with the purpose and intention of deceiving the creditor; the creditor relied on such false statement; the creditor's reliance on the false statement was justifiably founded; and the creditor sustained damage as a result of the false statement. *See Schweig v. Hunter (In re Hunter),* 780 F.2d 1577, 1579 (11th Cir.1986); *City Bank & Trust Co. v. Vann (In re Vann),* 67 F.3d 277 (11th Cir.1995).[1]

With regard to the first element, the Fullers alleged, *inter alia,* that appellee Arthur Johannessen misrepresented that monies delivered to him from the Fullers would be applied pursuant to their contract and that upon each draw application made by the appellee, he represented that subcontractors and materialman providing services or materials to the construction of the appellants' home were fully paid by the draws from the appellants. Further, appellants alleged that at the time the appellee accepted delivery of the monies, he intended to misappropriate the funds for his own use and for some of the start-up costs for homes other than their own.

With regard to the second element, the appellants alleged that

---

[1]In *Vann,* this circuit clarified that the applicable standard of reliance a creditor must establish is "justifiable" reliance rather than "reasonable" reliance.

they relied on the appellee's misrepresentations to their detriment by delivering monies to him. With regard to the third element, under the circumstances, as alleged by appellants, they would be justified in relying on the statements. And further, with regard to the fourth element, appellants alleged that they sustained monetary damages as a result of the misrepresentations. We find that the allegations are sufficient to state a claim upon which relief can be granted. That being so, there must now be a trial on the merits.

Should Johannessen raise the contention on remand that the settlement agreement nevertheless serves to extinguish appellants' claim, the Bankruptcy court must consider this contention in light of *Greenberg v. Schools,* 711 F.2d 152 (11th Cir.1983). In *Greenberg,* this circuit held that "a debt which originates from the debtor's fraud should not be discharged simply because the debtor entered into a settlement agreement." *Id.* at 156. Rather, the Bankruptcy Court should examine the factual circumstances behind the settlement agreement to determine whether or not the debt incurred stemmed from the alleged fraudulent conduct. *Id.* If the court finds that the conduct was indeed fraudulent and resulted in the debt at issue, the debt should be excepted from discharge. *Id.*

## IV. CONCLUSION

We VACATE the judgment of the District Court with instructions that it VACATE the judgment of the Bankruptcy Court and REMAND the matter to the Bankruptcy Court for proceedings on the merits.