**A.N.R., a Minor By and Through her next friend, Constance REED, and all others similarly situated, Plaintiff,**

v.

**Mitchell CALDWELL, in his individual and official capacities, and Jimmy Abbett, in his official capacity, Defendants.**

No. CIV.A.00–D–645–E.

United States District Court,
M.D. Alabama,
Eastern Division.

Aug. 29, 2000.

Robert Dean Drummond, Jr., Montgomery, AL, Elna Lee Reese, Montgomery, AL, for Plaintiffs.

E. Paul Jones, Alexander City, AL, Sherilyn J. Lowder, Daryl L. Masters, Kendrick E. Webb, Webb & Eley, P.C., Montgomery, AL, John Percy Oliver, II, Oliver & Sims, Dadeville, AL, for Defendants.

### MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Defendant Jimmy Abbett's ("Abbett" or "Defendant") Motion To Dismiss Plaintiff's Complaint, filed April 11, 2000. By and through her guardian, Minor–Plaintiff A.N.R. responded to

Abbett's motion on June 19, 2000. After careful consideration of the arguments of the parties, relevant law, and the record as a whole, and for the reasons set forth below, the court finds that Abbett's Motion is due to be granted.

## I. JURISDICTION AND VENUE

This court properly exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1343 (civil rights jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction). Neither party contests personal jurisdiction or venue.

## II. STANDARD OF REVIEW

A defendant may move to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff has failed to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. Therefore, the court assumes that all factual allegations set forth in the complaint are true, *see United States v. Gaubert,* 499 U.S. 315, 327, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991); *Powell v. Lennon,* 914 F.2d 1459, 1463 (11th Cir.1990), and construes all factual allegations in the light most favorable to the plaintiff. *See Brower v. County of Inyo,* 489 U.S. 593, 598, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989). Generally, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *In re Johannessen,* 76 F.3d 347, 349 (11th Cir. 1996) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

## III. FACTUAL BACKGROUND

Plaintiff is a 16–year–old minor being held in the Tallapoosa County Jail while she awaits trial as an adult for capital murder. Nearly one month after she was incarcerated, Plaintiff filed this action alleging that she has not received equitable and appropriate educational opportunities while in jail. Plaintiff states that she has repeatedly requested access to various educational classes and programs. In response, prison officials informed her that the sole program available—a GED program—was offered only to male inmates.

Although Tallapoosa County Jail maintains a formalized grievance policy, at no time did Plaintiff avail herself of its protections and benefits. All inmates are advised at the time of detention of their right to file written grievances related to "circumstance[s] thought to be . unjust and grounds for complaint." According to Tallapoosa County Jail policies, inmates who wish to file grievances are provided with grievance forms, which are made available upon request. After the inmate completes the form, it is delivered to the shift supervisor, who either resolves the grievance or forwards it to the jail's senior administrators. The administrators' decision may be appealed to the jail's chief deputy, whose decision, in turn, may then be appealed to the sheriff. Plaintiff never filed a written grievance petition seeking redress for her alleged injuries. Rather, she filed this action in Alabama state court, and it was promptly removed to federal court for adjudication.

Count One of Plaintiff's Complaint asserts a state tort law claim for negligent provision of educational programs and services. Count Two advances claims under 42 U.S.C. § 1983, asserting that Abbett's inadequate provision of educational programs has violated Plaintiff's rights under the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment.

## IV. DISCUSSION

Abbett moves for dismissal of both counts of the Complaint. First, as to Count One—a negligence claim arising under Alabama state law—Abbett argues for dismissal because he is entitled to sovereign immunity. *See* ALA. CONST. art. I, § 14. Plaintiff, however, contends that Count One should survive a motion to dis-

miss because, in her prayer for relief, she requests an injunction directing Abbett to "provide equitable and adequate educational opportunities pursuant to the Alabama Constitution [and] the laws of Alabama...." (Compl. at 11). The court agrees with Abbett.

■ Count One formally charges Abbett with negligent performance of his duties in his official capacity as sheriff of Tallapoosa County. Therefore, the doctrine of sovereign immunity applies. As a general rule, "[c]onstitutional officers of the state, such as sheriffs and deputies, are immune from suit under Section 14" of the Alabama Constitution of 1901. *Sheth v. Webster*, 145 F.3d 1231, 1237 (11th Cir. 1998); *McMillian v. Johnson*, 101 F.3d 1363, 1365 (11th Cir.1996); *Tinney v. Shores*, 77 F.3d 378, 383 (11th Cir.1996). Immunity attaches to allegations that the sheriff has performed his or her statutory duties negligently. *See Drain v. Odom*, 631 So.2d 971, 972 (Ala.1994).

■ Although lawsuits seeking monetary damages against sheriffs acting in their official capacity are absolutely barred, *see Boshell v. Walker County Sheriff*, 598 So.2d 843 (Ala.1992), a well-recognized exception to the doctrine of sovereign immunity applies if the cause of action is brought to enjoin the sheriff's conduct. *See Alexander v. Hatfield*, 652 So.2d 1142, 1142–43 (Ala.1994). This exception, however, does not extend to situations when a plaintiff brings a state law claim in federal court. Basic principles of equity, comity, and federalism restrain federal courts from issuing prospective relief against state officials on the basis of alleged violations of state law. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Burch v. Apalachee Community Mental Health Servs., Inc.*, 840 F.2d 797, 801 n. 8 (11th Cir.1988).

■ Therefore, to the extent that Plaintiff seeks an injunction, her claim is barred by the Eleventh Amendment. As a result, the court finds that Abbett is entitled to sovereign immunity, and that Count One is due to be dismissed.

Defendant Abbett also asks the court to dismiss Count Two of Plaintiff's Complaint, which raises claims under 42 U.S.C. § 1983.[1] Defendant seeks dismissal because Plaintiff has not exhausted the administrative remedies available under Tallapoosa County Jail regulations. The court agrees with Abbett.

■ Defendant relies on § 1997e(a) of the Prison Litigation Reform Act (PLRA), which provides that "[n]o action may be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In other words, the PLRA requires inmates alleging harm from a state's prison conditions to comply with that institution's grievance procedures before seeking redress in federal court under § 1983. *See Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir.2000); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir.1999). Exhaustion of the institution's grievance procedures is mandatory. *See Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998).

The Tallapoosa County Jail maintains a detailed formal grievance policy. Inmates with complaints about the prison's conditions must file written grievances, which are then ruled on by prison administrators. Such decisions may be appealed. All in-

---

1. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress...." 42 U.S.C. § 1983.

mates are informed of the policy when they are first incarcerated.

■ Plaintiff states that she repeatedly requested access to additional educational courses and activities, but she does not deny that she failed to file any written grievance with prison administrators. Rather, she contends that § 1997e(a) is inapplicable because her claim is not brought "with respect to prison conditions" as defined in the PLRA. The court disagrees.

Although § 1997e does not expressly define "prison conditions," the phrase is defined in Title 18 U.S.C. § 3626(g)(2), which was amended as part of the same legislative package as § 1997e. *See* 18 U.S.C. § 3626(g)(2). Section 3626(g)(2) defines a "civil action with respect to prison conditions" as any civil action arising under federal law "with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison." *Id.* The Eleventh Circuit adopted and applied this definition of "prison conditions" in a recent administrative exhaustion case involving § 1997e, and the Court noted that the definition should be broadly construed in order to effectuate Congress' intent and purpose in enacting the PLRA. *See Higginbottom v. Carter,* 223 F.3d 1259 (11th Cir.2000) (per curiam); *see also Moore v. Smith,* 18 F.Supp.2d 1360, 1363 (N.D.Ga.1998) (finding that 18 U.S.C. § 3626(g)(2) contains the "best indication of what Congress intended when it used the term 'action ... with respect to prison conditions' in § 1997e(a).")

■ Thus, the court finds that the term "prison conditions," as intended in § 1997e, includes the quality and availability of an institution's educational programs, activities, and opportunities. Because the PLRA's exhaustion requirements encompass claims related to these issues, the court finds that Plaintiff was required to exhaust her administrative remedies before filing suit. The exhaustion requirement cannot be waived based upon Plaintiff's belief that pursuing administrative remedies would be futile. *See Alexander,* 159 F.3d at 1326. "The plain language of the statute makes exhaustion a precondition of filing an action in federal court." *Higginbottom,* 223 F.3d at 1259, 1260 (citing *Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999)). Thus, Count Two of Plaintiff's Complaint against Abbett is due to be dismissed.

■ The only remaining issue is whether Count Two should be dismissed for failure to state a claim upon which relief may be granted, *see* FED. R. CIV. P. 12(b)(6), or for lack of subject matter jurisdiction over the unexhausted claims, *see* FED. R. CIV. P. 12(b)(1). The issue is purely procedural; the outcome in no way affects Plaintiff's ability to refile her complaint without prejudice after exhausting her administrative remedies.

As the Eleventh Circuit has recognized, without answering the question, "[m]ost courts addressing this issue have decided that § 1997e(a) is not a jurisdictional mandate." *Brown,* 212 F.3d at 1207 n. 2. *See also Underwood v. Wilson,* 151 F.3d 292, 295 (5th Cir.1998), *cert. denied,* 526 U.S. 1133, 119 S.Ct. 1809, 143 L.Ed.2d 1012 (1999) (§ 1997e(a) contains "precisely the type of language" that does not limit federal jurisdiction). These courts have dismissed the non-exhausted claims under Rule 12(b)(6). On the other hand, a handful of courts have concluded that § 1997e(a) raises issues of subject matter jurisdiction, and these courts have dismissed under Rule 12(b)(1). *See, e.g., Morgan v. Arizona Dep't of Corrections,* 976 F.Supp. 892 (D.Ariz.1997).

The panel in *Brown* gave no indication that it would not find dismissal appropriate under Rule 12(b)(6), and the parties have presented no grounds for failing to do so. Accordingly, the court joins the overwhelming majority of other courts and finds that Plaintiff's complaint is due to be dismissed on that basis. *See* FED. R. CIV. P. 12(b)(6).

## V. ORDER

Accordingly, it is CONSIDERED and ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint is hereby GRANTED as follows:

(1) Defendant's Motion to Dismiss Count One is hereby GRANTED, and the claim is hereby DISMISSED WITH PREJUDICE.

(2) Defendant's Motion to Dismiss Count Two is hereby GRANTED, and the claim is hereby DISMISSED WITHOUT PREJUDICE.

(3) Plaintiff's action against the remaining defendant, Mitchell Caldwell, is not before the court because nothing was filed on his behalf.