**RESCUECOM CORPORATION,**
Plaintiff,

v.

**COMPUTER TROUBLESHOOTERS USA, INC., Defendant.**

No. CIVA 104CV03499–JEC.

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 16, 2005.

Edmund J. Gegan, Corporate Counsel, Syracuse, NY, Robert Dale Johnson, Office of Robert Dale Johnson, Roswell, GA, for Plaintiff.

Timothy John McGaughey, Norcross, GA, for Defendant.

### ORDER

CARNES, District Judge.

This case is presently before the Court on Defendant's Motion to Dismiss [10]. The Court has reviewed the record and the arguments of the parties and, for the rea-

sons set out below, concludes that Defendant's Motion to Dismiss [10] should be **DENIED**.

## BACKGROUND

Both plaintiff, Rescuecom Corp. ("Rescuecom"), and defendant, Computer Troubleshooters USA, Inc. ("Troubleshooters"), sell franchises to computer service and repair companies. As market competitors, plaintiff and defendant both maintain commercial websites and advertise on the Internet to attract potential customers and franchisees. (Verified Compl. [1] at ¶ 5.) As part of defendant's marketing efforts, defendant contracted with the Internet search engine Google, Inc. ("Google") for a "Sponsored Link" to defendant's website to appear each time an Internet user performed a Google search of the word "rescuecom". (Def.'s Mot. to Dismiss ("Mot. to Dismiss") [10] at 3.) The "Sponsored Link" to defendant's website is not a pop-up ad that appears over the window displaying plaintiff's website but, is rather a hyperlink to defendant's website that appears on the results page generated by a Google search of the word "rescuecom." (*Id.*) Plaintiff's name does not appear anywhere in the hyperlink to defendant's website. The Google results page displays the approximately 70,000 search results [1] from a search of the word "rescuecom" on the left side of the page, while leaving the right side of the page available for advertisers, like defendant, to place their "Sponsored Links." (*Id.* at 3 n. 3.)

On these facts, defendant argues that it has not engaged in "trademark use" of plaintiff's trademark. (Mot. to Dismiss at 6.) Because defendant has not "used" plaintiff's trademark, defendant asks this Court to dismiss with prejudice under FED.

R. CIV. P. 12(b)(6) all counts of plaintiff's verified complaint for failure to state a claim upon which relief can be granted. (*Id.* at 1.) In response, plaintiff argues that, by purchasing plaintiff's trademark "rescuecom" as a trigger for its "Sponsored Link," defendant has "used," and infringed, plaintiff's trademark. (Mem. of Law in Opp'n to Def.'s Mot. to Dismiss ("Opp'n") [13] at 2.)

## DISCUSSION

### I. Standard for Failure to State a Claim

A party moving for dismissal under FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted carries the burden of proving that no claim has been stated. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *In re Johannessen*, 76 F.3d 347, 349 (11th Cir.1996)(internal citations omitted). For purposes of a Rule 12(b)(6) motion, the Court may consider only those facts alleged in the pleadings and their exhibits. The Court accepts the facts as alleged by plaintiff to be true, drawing all reasonable inferences in plaintiff's favor. *In re Johannessen*, 76 F.3d at 349–50; *Pyles v. United Air Lines, Inc.*, 79 F.3d 1046, 1049 (11th Cir.1996).

### II. Violations of the Lanham Act

Plaintiff alleges that defendant has infringed upon, falsely designated origin, and diluted plaintiff's "Rescuecom" trademark in violation of the Lanham Act 15 U.S.C. § 1051 *et. seq.* [2] (Verified Compl. at ¶ 6.) In order to establish a claim of trade-

---

1. Actually, a Google search by the Court of the term "Rescuecom" on September 16, 2005, displayed 207,000 results.

2. Plaintiff also asserts claim for common law trademark violation, trademark dilution under Georgia's Anti–Dilution Act, O.C.G.A § 10–1–451, and tortious interference with plaintiff's prospective economic advantage.

mark infringement or unfair competition, plaintiff must show that defendant "used in commerce" one of plaintiff's marks. *See* 15 U.S.C. § 1114 (2005); 15 U.S.C. § 1125(a) (2005).[3] The Lanham Act defines "use in commerce" as:

> ... the bona fide use of a mark in the ordinary course of trade, and not made merely to reserve a right in a mark. For purposes of this chapter, a mark shall be deemed to be in use in commerce—
>
> (1) on goods when—
>
> (A) it is placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto, or if the nature of the goods makes such placement impracticable, then on documents associated with the goods or their sale, and
>
> (B) the goods are sold or transported in commerce, and

(2) on services when it is used or displayed in the sale or advertising of services and the services are rendered in commerce, or the services are rendered in more than one State or in the United States and a foreign country and the person rendering the services is engaged in commerce in connection with the services.

15 U.S.C. § 1127 (2005). Defendant maintains that, as a matter of law, plaintiff cannot show that defendant has "used in commerce" plaintiff's mark. Because without "use in commerce" there can be no violation of the Lanham Act, defendant asks the Court to dismiss with prejudice all counts of plaintiff's verified complaint.

In support of its argument that it has not "used in commerce" plaintiff's mark, defendant relies primarily on the transcript of a December 15, 2004, hearing in *GEICO v. Google, Inc.*, Case No. 1:04–CV–507, held in the United States District Court for the Eastern District of Virginia.[4]

---

3. Under 15 U.S.C. § 1114, "[a]ny person who shall, without the consent of the registrant ... *use in commerce* any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or ... reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be *used in commerce* upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive ... shall be liable in a civil action by the registrant for the remedies hereinafter provided." (emphasis added)

Under 15 U.S.C. § 1125(a), "Any person who, on or in connection with any goods or services, or any container for goods, *uses in commerce* any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading

description of fact, or false or misleading representation of fact, which ... is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or ... in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities ... shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act." (emphasis added)

4. In *GEICO v. Google, Inc.*, the Government Employees Insurance Company sued Google for selling Internet results page display advertising linked to the trademarked term "GEICO." In this case, plaintiff is suing defendant for buying Internet advertising triggered by and linked to the trademarked term "Rescuecom." *See GEICO v. Google, Inc.*, 330 F.Supp.2d 700 (E.D.Va.2004) (the published *GEICO* opinion cited at 330 F.Supp.2d 700 is an earlier decision from the same court in-

Defendant relies on the *GEICO* court's statement that, "The Court is satisfied that the plaintiff has not established that the mere use of its trademark by Google as a search word or keyword or even using it in their AdWord program standing alone violates the Lanham Act because that activity in and of itself, there's no evidence that that activity standing alone causes confusion." (Tr. of Bench Trial Before the Hon. Leonie M. Brinkem 286.)

According to defendant, this declaration limits the *Google* court's earlier ruling in *GEICO v. Google, Inc.*, 330 F.Supp.2d 700 (E.D.Va.2004). There, in denying a Rule 12(b)(6) motion to dismiss, the *GEICO* court declared that defendant's use of plaintiff's trademark to sell advertising and then link that advertising via "Sponsored Links" to the results of searches for the word "GEICO" constituted "trademark use" sufficient to support a claim for violations of the Lanham Act. *Id.* at 702–03.[5] In doing so, the *GEICO* court recognized two lines of cases concerning the related issue of use of trademarks by software companies to generate pop-up Internet advertisements. As specifically noted in its decision, the *GEICO* court found "better reasoned" the line of cases that had found such use of trademarks to constitute "trademark use" sufficient to support a claim for violations of the Lanham Act.

In addition to the above Eastern District of Virginia case, which denied a motion to dismiss in a case like the pending case, the Court has found a more recent case, not cited by the parties, that has also denied a motion to dismiss in a similar case. In *Google Inc. v. American Blind & Wallpaper Factory, Inc.*, No. C03–05340JF, 2005 WL 832398 (N.D.Cal. March 30, 2005)(Fogle, J.), a Northern District of California judge denied *Google's* motion to dismiss counterclaims that had accused it of trademark infringement on facts similar to those alleged here. In so doing, that Court noted that any determination of the likelihood of confusion—an element of the claim—would involve factual findings that are inappropriate on a motion to dismiss. Generally, as to the question whether the act in question constituted a "use" of the mark, for Lanham Act purposes, the court indicated that this created "novel legal questions ... that should await the development of a full factual record." (Slip p. 17) In denying the motion to dismiss, the California district court relied on the above referenced *GEICO* case, noting that the judge in *GEICO* had explained that the issues of whether the defendant was making fair use of the plaintiff's trademarks and whether there was a likelihood of confusion created "fact-specific issues" that were "not properly resolved through a motion to dismiss." *Id.* at *6 n. 26.

██ The Court agrees with the approach of the Northern District of California. The pending case triggers a novel legal question with factual underpinnings that are not yet clear to this court. The Court's limited understanding of the matter suggests that this dispute does not seamlessly mesh with traditional Lanham analysis and that the transposition will require more factual development of the record than has been done at this early stage of the proceedings.[6] Indeed, the question

---

volving the same case as the December 15, 2004 hearing transcript cited by defendants).

5. The *GEICO* court used the term "trademark use" as shorthand to reference the issue of whether defendant's use of plaintiff's "GEICO" mark was "use in commerce" that was also "in connection with any goods or services."

6. Indeed, in an effort to better understand the dispute described by the pleadings, the Court went onto the Google site and entered the word "rescuecom," which is the trademarked name of the plaintiff. See *supra* at n. 1. Interestingly, there was no sponsored site by the defendant on this particular search—which is the grievance asserted by plaintiff.

whether trademark infringement occurs when an Internet search engine uses a trademarked term to generate "Sponsored Links" appears to be an open question in the Eleventh Circuit.

A Rule 12(b)(6) motion to dismiss should only be granted where it appears beyond a reasonable doubt that the plaintiff can prove *no* set of facts in support of his claim which would entitle him to relief. For the reasons set out above, adopting the approach of the Northern District of California, the Court declines to grant defendant's motion to dismiss, and instead believes it prudent to make its ruling on a complete factual record.

Accordingly, as to all federal statutory claims (Counts I–III), the Court **DENIES** Defendant's Motion to Dismiss [10]. As plaintiff's claim for tortious interference with prospective economic advantage is premised, in large part, on plaintiff's claims for violations of the Lanham Act, which have survived defendant's motion to dismiss, the Court also **DENIES** Defendant's Motion to Dismiss [10] as to this claim (Count VI). Finally, because a common law claim for trademark infringement also requires proof that plaintiff's trademark was "used," the Court **DENIES** Defendant's Motion to Dismiss [10] as to plaintiff's claim for common law trademark infringement (Count IV).

■ As to plaintiff's Georgia claim under the Anti–Dilution Act, the presence of this claim will presumably impose no greater discovery burdens on defendant than will the development of a factual record on the federal claims. Therefore, to avoid piecemeal litigation and to conserve the Court's resources, the Court **DENIES** defendant's motion to dismiss as to the Georgia state law claim.

Thus, the Court is uncertain whether there is still a live dispute in this case.

*CONCLUSION*

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss [10].