In re Lee HARRIS–ONAXIS
and Suzanne Harris–
Onaxis, Debtors.

Anne Wilson Parham and Lawrence
Neil Parham, Plaintiffs,

v.

Suzanne Harris–Onaxis and Lee
Harris–Onaxis, Defendants.

Bankruptcy No. G10–23176–REB.
Adversary No. 10–2169.

United States Bankruptcy Court,
N.D. Georgia,
Gainesville Division.

Dec. 8, 2011.

Charles N. Kelley, Jr, Cummings & Kelley PC, Gainesville, GA, for Plaintiffs.

Douglas L. Henry Clarkesville, GA, for Defendants.

**ORDER DENYING DEFENDANTS' RENEWED MOTION TO DISMISS AND GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

ROBERT E. BRIZENDINE, Bankruptcy Judge.

Before the Court is Defendant–Debtors' motion as renewed to dismiss Plaintiffs' complaint. Following a joint telephone status conference, the parties agreed that this adversary proceeding could be submitted to the Court for decision based on the pleadings of record, including the question of the preclusive effect of a prior state

court judgment serving as the basis of Plaintiffs' claim. Therefore, the Court will also address Plaintiffs' motion for summary judgment herein. Upon review of the record and the arguments of counsel as set forth in the parties' briefs, the Court will deny Defendants' renewed motion to dismiss and grant summary judgment in favor of Plaintiffs.

In their complaint. Plaintiffs seek a determination of dischargeability under 11 U.S.C. § 523(a)(2), (a)(4), and (a)(6) with respect to various claims as pursued in certain state court litigation in Alabama and Georgia.[1] Defendants' principal contention in their motion to dismiss is that Plaintiffs have failed to plead sufficient allegations in support of their claims regarding fraud in accordance with Fed.R.Civ.P. 9(b), applicable herein through Fed. R. Bankr.P. 7009.[2] In support of their argument, Defendants cite, among others, the case of *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir.1997). In *Brooks,* the Eleventh U.S. Circuit Court of Appeals stated that Rule 9(b) is intended to provide a defendant with notice regarding the specific acts in question that the plaintiff alleges is the basis of a claim for fraud, and is further designed to offer protection against specious claims. 116 F.3d at 1370–71. The Eleventh Circuit added, however,

that the requirements for pleading fraud with adequate particularity under Rule 9 are to be read along with Fed.R.Civ.P. 8(a) (applicable herein through Fed. R. Bankr.P. 7008), which requires "only a short, plain statement" providing fair notice of the asserted basis for relief. *See also Fuller v. Johannessen (In re Johannessen),* 76 F.3d 347 (11th Cir.1996).[3]

More recently, however, the United States Supreme Court has ruled that "to survive a motion to dismiss, a complaint must now contain factual allegations which are 'enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 555, 127 S.Ct. at 1965, 167 L.Ed.2d 929, as quoted in *Berry v. Budget Rent A Car Systems, Inc.,* 497 F.Supp.2d 1361, 1364 (S.D.Fla.2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Upon careful review of the pleadings of record, and applying the governing standards described in the above-cited case authority and rules, this Court concludes that Plaintiffs have set forth sufficient allegations to put Defendants on notice of the facts upon which their claims for relief are based under Section 523(a)(2).[4] The alle-

1. The Alabama state court matter appears to be the main focus for purposes of this record. *See* Order of Circuit Court of Baldwin County, Alabama, Case No. CV–2009–900176, dated July 9, 2010, attached to Plaintiffs' Complaint herein as Exhibit "A." Further, while this Order anticipates entry of a default judgment and a hearing to determine damages, it appears from the record that the state circuit court did not enter an award for money damages, though Plaintiffs have asserted such a claim in the prayers of their complaint in this adversary proceeding.

2. Plaintiffs filed their amended complaint herein on January 10, 2011 and Defendants

filed a renewed motion to dismiss on February 2, 2011.

3. In *Johannessen,* the Eleventh Circuit applied this standard in accordance with Fed. R.Civ.P. 12(b)(6) as applicable through Fed. R. Bankr.P. 7012, with respect to a motion to dismiss a complaint filed under 11 U.S.C. § 523(a)(2)(A). 76 F.3d at 349, quoting *Conley v. Gibson,* 355 U.S. 41, 45–47, 78 S.Ct. 99, 102–03, 2 L.Ed.2d 80 (1957), abrogated by *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

4. As mentioned above, the complaint sets forth a cause of action for excepting the obli-

gations contained in the amended complaint in the Alabama state court action, as incorporated into their complaint in this adversary proceeding, state a basis for claiming relief in this Court for purposes of determining dischargeability under the aforesaid referenced subsection.[5] Thus, Defendants' renewed motion to dismiss the complaint of Plaintiffs as amended will be denied.

■■■■ As mentioned previously, an important related legal question and part of the Court's analysis in this case centers on whether collateral estoppel applies to the ruling of the Circuit Court of Baldwin County, Alabama on July 9, 2010. In particular, this Court must determine the binding effect of same with respect to the striking of Defendants' answer and acceptance of Plaintiffs' allegations as established in that litigation through their amended complaint. Collateral estoppel, also known as issue preclusion, may be applied in a federal bankruptcy court in dischargeability proceedings commenced under 11 U.S.C. § 523(a). *See Lewis v. Lowery (In re Lowery),* 440 B.R. 914, 921 (Bankr.N.D.Ga.2010), citing *Grogan v. Garner,* 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991); *see also Bush v. Balfour Beatty Bahamas, Ltd.,* 62 F.3d 1319, 1322 (11th Cir.1995). Further, in this case the Court applies the preclusion rules for the state of Alabama as the state where the judgment at issue was entered. *Lowery,* 440 B.R. at 921; *accord Bush,* 62 F.3d at 1323 n. 6. The collateral estoppel rules under Alabama law are set forth in, among others, *Wheeler v. First Alabama Bank of Birmingham,*

364 So.2d 1190, 1199 (Ala.1978). *See also Alabama Department of Revenue v. Hoover, Inc.,* 993 So.2d 889, 894 (Ala.Civ.App. 2007). Moreover, as stated by Plaintiffs, the standards for issue preclusion under Alabama law appear similar to federal rules of issue preclusion, with the latter including a requirement that the standard of proof in the subsequent action not be greater than that used in the prior state court judgment, which requirement is satisfied here. *See S.E.C. v. Bilzerian (In re Bilzerian),* 153 F.3d 1278, 1281 n. 10 (11th Cir.1998), citing *HSSM # 7 Limited Partnership v. Bilzerian (In re Bilzerian),* 100 F.3d 886, 892 (11th Cir.1996), *cert. denied,* 523 U.S. 1093, 118 S.Ct. 1559, 140 L.Ed.2d 791 (1998), citing *Grogan v. Garner,* 498 U.S. at 284 n. 11, 111 S.Ct. at 658 n. 11, 112 L.Ed.2d 755.

Defendants oppose the application of preclusive effect herein arguing that the state court order merely adopted the allegations of Plaintiffs' amended complaint therein, which are conclusory in nature, and that the matter was not actually litigated. Defendants did not actively participate throughout that law suit because, among other things, they believed the litigation to be without merit, they lacked the financial resources to mount a legal defense, and Debtor Lee Harris–Onaxis was recovering from a stroke. Plaintiffs counter that the state court entered its order on the basis of Defendants' knowing failure to cooperate in discovery, which resulted in the consequent striking of Defendants' answer and adoption of Plaintiffs'

---

gation at issue from discharge under 11 U.S.C. § 523(a)(2), (a)(4), and (a)(6). The Court's ruling herein is confined to the allegations with respect to Section 523(a)(2) to which Plaintiffs directed their attention in the brief in opposition to Defendants' motion to dismiss as renewed.

**5.** *See* Baldwin County Circuit Court Order and Plaintiffs' amended complaint in said action, attached to Plaintiffs' complaint herein as Exhibits "A" and "B," respectively.

factual allegations in their amended complaint as the grounds for its ruling.[6]

Looking to the applicable state preclusion rules of Alabama, this Court finds no apparent definitive authority regarding the preclusive effect of an order entered in the circumstances presented herein where no trial was actually concluded. In seeking direction, the Court has reviewed decisions considering Alabama law such as *Bank of America, N.A. v. Malfatti (In re Malfatti)*, 430 B.R. 555 (Bankr.N.D.Cal.2010).[7] In *Malfatti*, the bankruptcy court first examined the Alabama Supreme Court's decision in *Wheeler v. First Alabama Bank, supra*, 364 So.2d at 1199. The court then determined that absent specific guidance under Alabama state law concerning the preclusive effect of default judgments, reference to federal case authority was appropriate to discern what an Alabama court would likely decide. Finally, the bankruptcy court in *Malfatti* decided that application of collateral estoppel was appropriate and that the judgment in question would be granted binding effect in

subsequent proceedings. *Malfatti*, 430 B.R. at 559–64.

It has been observed in the Northern District of Georgia, in dicta, that under the *federal* standard, default judgments may not be entitled to preclusive effect. *See Colorado West Transportation, Inc. v. McMahon*, 380 B.R. 911, 916–17 (N.D.Ga. 2007). As determined by the Eleventh Circuit, however, such effect may be appropriate, especially when the party against whom a judgment was entered in the other court had an full, fair, and adequate opportunity to litigate the fact issues in question but chose not to do so. *See Bush*, 62 F.3d at 1323–25.

■ This Court recognizes the difficult circumstances alleged by Defendants in connection with the Alabama litigation as stated in the Affidavit of Debtor Suzanne Harris–Onaxis, as well as the importance of the bankruptcy 'fresh start' and correspondingly high legal burden on a party seeking to obtain an order excepting a particular debt from a debtor's discharge. As stated above, however, the Court finds that Defendants cannot merely ignore on-

---

**6.** The record does not indicate whether the Defendants appealed the state court's order, particularly with respect to its finding Defendants to be in contempt for failure to obey that court's orders. Defendants have attached an Affidavit in this proceeding setting forth certain reasons for their failure to defend themselves in the Alabama litigation. As a federal bankruptcy court, this Court will always examine the circumstances surrounding state court orders entered in situations without a trial on the merits when determining their preclusive effect in subsequent non-dischargeability litigation. This Court will especially focus its inquiry in terms of whether or not the party against whom preclusive effect is sought appears to have been afforded a fair and full opportunity to litigate the issues in dispute. The Court further observes, however, that a state appellate tribunal is the appropriate forum for an aggrieved litigant to challenge the grounds and finality of state court orders.

**7.** Defendants cite the case of *Angus v. Wald (In re Wald)*, 208 B.R. 516 (Bankr.N.D.Ala. 1997) for the proposition that *state* court default judgments may not be accorded preclusive effect in dischargeability proceedings as same is prohibited under applicable governing *federal* standards. This decision, however, has been criticized in *Wharton v. Shiver (In re Shiver)*, 396 B.R. 110, 123 (Bankr. S.D.N.Y.2008), for failing to consider the effect of *Grogan*, 498 U.S. at 285 n. 11, 111 S.Ct. at 654. In *Shiver*, the court upheld the application of *state* preclusion rules to decide the controlling effect of a judgment where a question was posed concerning whether the matter was actually litigated as in the case presented. In any event, this Court is in fact relying on the *federal* standard urged by the court in *Wald*, but following the authority of *Bush*, 62 F.3d at 1323–25, in its application herein. *See also Shiver*, 396 B.R. at 122.

going litigation in one forum for which a judgment is entered against them, and seek a different outcome in this forum, especially when they have not attempted to appeal same in the initial forum. Based on the reasoning of the case authority cited herein, this Court concludes that an Alabama state court would give preclusive effect to the fact issues decided in favor of Plaintiffs by the Alabama circuit court in the procedural situation therein confronted as set forth in its Order and award of a default judgment.

Having concluded above that the factual predicate set forth in Plaintiffs' complaint in the present case, as incorporating their allegations from the Alabama litigation, are sufficient and do set forth a cause of action, the Court will next address this matter in terms of whether same are sufficient to establish entitlement to such relief under summary judgment. Summary judgment may be granted pursuant to Fed.R.Civ.P. 56, applicable herein by and through Fed. R. Bankr.P. 7056, if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). In deciding a motion for summary judgment, the court "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 212 (1986).

Further, all reasonable doubts should be resolved in favor of the non-moving party, and "if reasonable minds could differ on any inferences arising from undisputed facts, summary judgment should be denied." *Twiss v. Kury*, 25 F.3d 1551, 1555 (11th Cir.1994), citing *Mercantile Bank & Trust Co. v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir.1985). Presumptions or disputed inferences drawn from a limited factual record cannot support entry of summary judgment under Fed.R.Civ.P. 56(c), applicable herein through Fed. R. Bankr.P. 7056. The court cannot weigh the evidence or choose between competing inferences. *See Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir.1997); *Raney v. Vinson Guard Service, Inc.*, 120 F.3d 1192, 1196 (11th Cir.1997).

Plaintiffs contend, among other things, that their claim based on the Order of the Baldwin County, Alabama Circuit Court should be excepted from discharge under 11 U.S.C. § 523(a)(2)(A) because the underlying indebtedness owed to them by Defendants arises from money, property, and services obtained by Defendants through false pretenses, false representation, or actual fraud. To succeed under this provision, Plaintiffs must show that Defendants committed positive or actual fraud involving moral turpitude or intentional wrongdoing.[8] Legal or constructive fraud, which involves an act contrary to a legal or equitable duty that has a tendency to deceive, yet not originating in an actual deceitful design, is insufficient. *See Agri-*

---

8. Section 523(a)(2)(A) provides in pertinent part as follows:
 (a) A discharge under section 727 ... does not discharge an individual debtor from any debt—
 (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
 (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition. . . .
 11 U.S.C. § 523(a)(2)(A). These elements must be proven by a preponderance of the evidence. *See League v. Graham (In re Graham)*, 191 B.R. 489, 493 (Bankr.N.D.Ga. 1996); *accord City Bank & Trust Co. v. Vann (In re Vann)*, 67 F.3d 277 (11th Cir.1995).

*credit Acceptance Corp. v. Gosnell (In re Gosnell),* 151 B.R. 608, 611 (Bankr.S.D.Fla. 1992); *see also Burroughs v. Pashi (In re Pashi),* 88 B.R. 456, 458 (Bankr.N.D.Ga. 1988).[9] Under Section 523(a)(2)(A), the following must be established: (1) that the Defendants obtained money, property, or credit from Plaintiffs; (2) by false representation, pretense, or fraud knowingly made or committed; (3) with the intent to deceive the Plaintiffs or to induce it to act upon same; (4) upon which Plaintiffs justifiably relied; and (5) which proximately resulted in an injury to or loss suffered by Plaintiffs. *Vann,* 67 F.3d 277. Simply stated, this provision targets alleged deceit or artifice arising from a specific intent to mislead, trick, or cheat another person or entity. In addition, intent to deceive may be proven by circumstantial evidence.

 From a review of the allegations set forth in Plaintiffs' state court complaint as amended, this Court concludes that Plaintiffs have established the necessary elements to support entry of relief under count I of their complaint in this adversary proceeding, even though that court adopted Plaintiffs' allegations by default. In count III of the state court complaint, Plaintiffs allege, as accepted and taken as true by the state court, that Defendants knowingly or recklessly made false representations in connection with the management of Plaintiffs' assets through the period of 2004 to 2007, and in connection with Defendants' promise to provide various services and purchase certain properties, with the intent to deceive Plaintiffs as part of a fraudulent scheme, on which Plaintiffs relied to their detriment.[10]

In sum, the Court concludes that not only have Defendants failed to demonstrate sufficient grounds for dismissing Plaintiffs' complaint as amended in this adversary proceeding, but Plaintiffs have shown an entitlement to summary judgment. Therefore, it is

**ORDERED** that Defendant–Debtors' renewed motion to dismiss Plaintiffs' complaint be, and the same hereby is, **denied.**

In addition, consistent with the above reasoning and discussion, it is

**FURTHER ORDERED** that Plaintiffs' motion for summary judgment on their complaint as amended in this adversary proceeding be, and they same hereby is, **granted** and that summary judgment be, and the same hereby is, **granted** in favor of Plaintiffs on count I of their amended complaint herein against Defendant–Debtors.

It is

**FURTHER ORDERED** that Plaintiffs' claim based on the Order and award of a default judgment entered by the Circuit Court of Baldwin County, Alabama, Case No. CV–2009–900176 and dated July 9, 2010 be, and the same hereby is, **excepted** from discharge in this Chapter 7 bankruptcy case under 11 U.S.C. § 523(a)(2)(A).[11]

---

**9.** Reckless disregard for the truth or falsity of a statement can also supply the necessary basis for a determination of nondischargeability under this provision in the proper circumstances. *Birmingham Trust Nat'l Bank v. Case,* 755 F.2d 1474, 1476 (11th Cir.1985), *superseded on other grounds* by Pub.L.No. 98–353, 98 Stat. 333 (1984).

**10.** Because the Court is ruling for Plaintiffs on this specific ground alone in terms of excepting their claim from discharge herein, it is not necessary to reach the other grounds alleged in their complaint as amended as it appears same were not argued.

**11.** As noted above, the *amount* of Plaintiffs' claim has yet to be determined, and that issue will need to be presented to the state court for entry of an appropriate order.

A separate written judgment is entered contemporaneously herewith.

The Clerk is directed to serve a copy of this Order upon counsel for Plaintiffs, counsel for Defendant–Debtors, the Chapter 7 Trustee, and the United States Trustee.

**IT IS SO ORDERED.**