**ASSASSINATION ARCHIVES AND RESEARCH CENTER, Plaintiff,**

v.

**U.S. DEPARTMENT OF JUSTICE, Defendant.**

**Civ. A. No. 92–2193 (CRR).**

United States District Court, D. Columbia.

Aug. 10, 1993.

James H. Lesar, of Washington, DC, for plaintiff.

Elizabeth A. Pugh and Susan J. Nolting, Asst. U.S. Attys., Stuart E. Schiffer, Acting Asst. Atty. Gen., J. Ramsey Johnson, U.S. Atty. for the District of Columbia, with whom James G. Fidler appeared of counsel, for defendant.

### ORDER

CHARLES R. RICHEY, District Judge.

The above-captioned Freedom of Information Act ("FOIA") case is before the Court on the Plaintiff's Motion for Reconsideration.

The Court granted the Defendant's Motion for Summary Judgment on April 29, 1993. Upon consideration of the Plaintiff's Motion, the Defendant's Opposition thereto, and the applicable law, the Court must deny the Plaintiff's Motion for Reconsideration.

The facts of the case are set out in detail in this Court's Memorandum Opinion of April 29, 1993 ("Opinion"). The litigation essentially concerns the FBI's denial of the Plaintiff's January 29, 1992 FOIA request for any "materials relating to Marita Lorenz which pertain in any way to the assassination of President Kennedy, including any index cards." *See* Opinion at 2. In its Opinion, the Court held that the recently enacted President John F. Kennedy Assassination Collection Act of 1992 ("JFK Act"), now codified at 44 U.S.C. § 2107 (Supp.1993), does not alter the process by which FOIA cases relating to the Kennedy assassination should be adjudicated.

In its Motion for Reconsideration, the Plaintiff first argues that the FBI's decision to withhold information in this case is inconsistent with its decision to disclose information in *Kay v. FBI*, No. 92–CIV–2438 (E.D.N.Y.1992). The Plaintiff argues that the FBI released information in *Kay* pursuant to the JFK Act, and thus, that the FBI cannot subsequently withhold information in the present case. The Court finds this argument to be without merit. While it is true that an agency must "provide a reasoned explanation for any failure to adhere to its own precedents," *Hatch v. FERC*, 654 F.2d 825, 834 (D.C.Cir.1981), the FBI has not failed to adhere to any precedent in its handling of the present case. The information disclosed in *Kay* was not released pursuant to the JFK Act, but rather was a discretionary release under FOIA. Thus, the FBI's exercise of discretion under FOIA to withhold information in the present case is not inconsistent with its stipulation to release information in *Kay*.

The Plaintiff next argues that the Court should have considered § 5(c)(2)(G) of the JFK Act and its legislative history when making its determination that the JFK Act does not supersede FOIA. However, mo-

**102**

tions for reconsideration "must address new evidence or errors of law or fact and cannot merely reargue previous factual and legal assertions." *Mississippi Ass'n of Coops. v. Farmers Home Admin.*, 139 F.R.D. 542, 546 (D.D.C.1991). In this case, as the Defendant notes in its Opposition, the Plaintiff is merely attempting to reargue the same position rejected by this Court in its Opinion of April 29, 1993. *See* Defendant's Opp'n at 4. At that time, the Court considered the JFK Act in its entirety and made a determination that the Act does not supersede FOIA or provide an independent means of obtaining records directly from government agencies. *See* Opinion at 10–13.

■ The Plaintiff's reliance on Section 5(c)(2)(G) is unfounded. Section 5 of the JFK Act requires government agencies to review, identify, and transmit to the National Archives those records that relate to the JFK assassination. In addition, section 5 requires agencies to "give priority to . . . the identification, review, and transmission" of those records currently the subject of FOIA litigation. § 5(c)(2)(G)(ii). However, nothing in the new statute requires or even suggests that the standards the Archivist will use in releasing JFK material should replace the preexisting FOIA exemptions.

■ The Plaintiff argues that the Court should look to the legislative history of the JFK Act. However, the Court need not consider the legislative history of a statute unless the plain meaning of the language is ambiguous. *See e.g., Burlington N. R.R. v. Oklahoma Tax Comm'n*, 481 U.S. 454, 461, 107 S.Ct. 1855, 1859, 95 L.Ed.2d 404 (1987). In this case, the language of the JFK Act is unambiguous and a resort to the legislative history is unnecessary. Furthermore, the Court's conclusions would not change even in light of the relevant legislative history. There is simply no indication that Congress intended for the JFK Act to supersede FOIA. *See* S.Rep. No. 328, 102d Cong., 2d Sess. 29 (1992), U.S.Code Cong. & Admin.News pp. 2965, 2978. Rather, the legislative history merely provides that, of the records to be reviewed for possible disclosure and transmission to the National Archives, those records which are the subject of pend-

ing FOIA litigation are to be reviewed first. *See id.* The legislative history thus supports the Court's prior determination that the JFK Act does not affect the existing law applicable to FOIA requests, nor does it provide a new cause of action for the direct release of agency records to the public. *See* Opinion at 10–13.

Finally, the Court notes that the First Circuit recently relied upon this Court's Opinion in reaching a similar result in *Sullivan v. CIA*, 992 F.2d 1249 (1st Cir.1993). In *Sullivan*, the Court of Appeals for the First Circuit held that the JFK Act did not affect the Plaintiff's pending FOIA litigation. *Id.* at 14–16. Thus, in light of the above, the Court must deny the Plaintiff's Motion for Reconsideration.

Accordingly, it is, by the Court, this 10th day of August, 1993,

ORDERED that Plaintiff's Motion for Reconsideration shall be, and hereby is, DENIED.