**NATIONAL TRUST FOR HISTORIC PRESERVATION, Plaintiffs,**

v.

**DEPARTMENT OF STATE, et al. Defendants.**

**Civ. A. Nos. 91–0627 (HHG), 91–1101 and 91–0564.**

United States District Court, District of Columbia.

Sept. 14, 1993.

---

8. *See* D.C.Code § 5–1001.

Richard B. Nettler, Robins, Kaplan, Miller & Ciresi, Washington, DC, for plaintiff Sheridan–Kalorama Historical Ass'n, et al.

David A. Doheny, Vice President and Gen. Counsel, Andrea C. Ferster, Asst. Gen. Counsel, Elizabeth S. Merritt, Associate Gen. Counsel, Stephen M. Truitt, Richard B. Nash, Jr., Pepper, Hamilton & Scheetz, Washington, DC, for plaintiff National Trust for Historic Preservation in U.S.

Robin D. Ball, Gregory F. Van Tatenhove, Attys., Civil Div., U.S. Dept. of Justice, Washington, DC, for Federal defendants.

Nancy G. Dunn, Asst. Corp. Counsel, Washington, DC, for District of Columbia Foreign Missions–Board of Zoning Adjustment, et al.

Whayne S. Quin, Louis P. Robbins, Wilkes, Artis, Hedrick & Lane, Washington, DC, for intervenor-defendant Republic of Turkey.

## ORDER

HAROLD H. GREENE, District Judge.

This Court, in its April 14, 1993 Opinion and Order, left unresolved the question of whether the Foreign Mission—Board of Zoning Adjustment ("FM–BZA") had "substantially complied" with local preservation laws pursuant to the Foreign Missions Act, 22 U.S.C. § 4306(d)(2). To briefly reiterate, the undecided issue was whether substantial compliance with local zoning laws necessarily entailed referring the matter to the Mayor's Agent for Historic Preservation. *See* District of Columbia Landmark and Historic Preservation Act of 1979, D.C.Law 2–144; D.C.Code 5–1001. However, the Court was unclear as to the role of the Mayor's Agent in this regulatory process. The Court now decides that issue.

■ "Substantial compliance" is not strict compliance. *Wheeler v. District of Columbia Board of Zoning Adjustment*, 395 A.2d 85, 90 (1978). The FM–BZA need only comply with the spirit of law 2–144, which here means soliciting the views of the Mayor's Agent. On July 18 and 19, 1989, the FM–BZA did request the Mayor's Agents' advice on a variety of issues. Administrative Record at 994 and 996. Moreover, the FM–BZA contends that it gave serious consideration to the responses of the Mayor's Agent. *See* Federal Defendant's Supplemental Brief Filed June 23, 1993 at 26.

This is all that is required. Section 4306 gives the FM–BZA sole authority to issue permits to replace or expand a chancery. It would be contrary to the purposes of the Act to empower the Mayor's Agent with authority to make the ultimate permitting decision or to require the FM–BZA to give dispositive weight to her views.

■ In addition, the federal defendants and the Republic of Turkey filed a Motion for Reconsideration, or, in the Alternative, for Amendment of Judgment. A motion for reconsideration is discretionary and should not be granted unless the movant presents either newly discovered evidence or errors of law or fact which need correction. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). Reconsideration is not appropriate where a party is simply attempting to reargue factual or legal assertions contained in their original pleadings. *Natural Resources Defense Council v. Environmental Protection Agency*, 705 F.Supp. 698, 700 (D.D.C.), *vacated on other grounds*, 707 F.Supp. 3 (D.D.C.1989). The primary reasons for reconsideration of judgment are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 67, 121 L.Ed.2d 34 (1992) (citations omitted).

■ Defendants forcefully reargue that substantial compliance with federal historic preservation laws does not require the FM–BZA to refer for comment this project to the National Trust. As the Court has previously explained, the FM–BZA "must give the concerns and recommendations of that body serious consideration, but is not bound by those recommendations." Opinion at 20. To find otherwise would make the FMA's provision requiring "substantial compliance" with federal preservation law a nullity as there is no other federal preservation law with which the FM–BZA could comply. The Court assumes that Congress had in mind some federal preservation law when it wrote the FMA. The Court finds no basis for straying from its initial conclusion that the FM–BZA must elicit comments from the National Trust.

## CONCLUSION

For the reasons stated above, the Court finds that defendants have substantially complied with local preservation law 2–144 but not with the National Historic Preservation Act, as required by the Foreign Missions Act, 22 U.S.C. § 4306(d)(2).

Therefore, it is this 13th day of September, 1993

ORDERED that the remainder of Count VI of Civ. No. 91–0564 is dismissed; and it is further;

ORDERED, that the defendants' motion for reconsideration or, in the alternative, for

**456**

amendment of judgment be and it is hereby denied; and it is further

ORDERED that the Republic of Turkey's motion to intervene in Civ. No. 91–1101 is dismissed as moot.