CONSOLIDATED EDISON COMPANY
OF NEW YORK, INC., et al.,
Plaintiffs,

v.

Hazel O'LEARY, et al., Defendants.

Civ.A. No. 96–2710 (HHK).

United States District Court,
District of Columbia.

Dec. 30, 1998.

Philip P. Kalodner, Gladwyne, PA, for plaintiff.

Thomas Kemp, U.S. Dept. of Energy, Washington, DC, for defendant.

Beverly J. Rudy, Paul B. Turner, Sutherland, Asbill & Brennan, LLP, Washington, DC, for intervenors-defendants.

## MEMORANDUM ORDER DENYING PLAINTIFFS' MOTION FOR VACATION OF JUDGMENT

KENNEDY, District Judge.

### I. BACKGROUND

This matter comes before the court upon the plaintiffs' motion for vacation of this court's entry of summary judgment against the plaintiffs and in favor of the defendants and intervenor-defendants. In its Memorandum Opinion dated November 13, 1998,

**2**

the court found that the Department of En-
ergy's Office of Hearings and Appeals was
supported by substantial evidence and had a
rational basis for its decision to award re-
funds totaling $1,746,845 to five refiner-co-
operatives. The court also found that the
"Refiner's Waivers" signed by the refiner-
cooperatives pursuant to a 1986 settlement
agreement, *see In re The Department of
Energy Stripper Well Exemption Litigation,*
653 F.Supp. 108, 121 (D.Kan.1986), did not
affect the rights of their members to the
refunds. Based on these findings, the court
granted the defendants' and intervenor-de-
fendants' motions for summary judgment
and denied the plaintiffs' motion for sum-
mary judgment. The plaintiffs now ask the
court to withdraw the memorandum and va-
cate the judgment.

## II. DISCUSSION

Plaintiffs have filed a motion for
reconsideration pursuant to Federal Rule of
Civil Procedure 59(e). "A motion for recon-
sideration is discretionary and should not be
granted unless the movant presents either
newly discovered evidence or errors of law or
fact which need correction." *National Trust
v. Department of State,* 834 F.Supp. 453, 455
(D.D.C.1993) (internal citation omitted).
Moreover, a motion for reconsideration
should not be granted if a party is simply
attempting to renew factual or legal argu-
ments that it asserted in the original plead-
ings. *Id.* "Reconsideration is not simply an
opportunity to reargue facts and theories
upon which a court has already ruled." *New
York v. United States,* 880 F.Supp. 37, 38
(D.D.C.1995); *see also Assassination Ar-
chives & Research Ctr. v. Dept. of Justice,*
828 F.Supp. 100, 102 (D.D.C.1993). In fact,
to succeed on a Rule 59(e) motion, a party
must demonstrate an "intervening change of
controlling law, the availability of new evi-
dence, or the need to correct a clear error or
prevent manifest injustice." *Virgin Atlantic
Airways, Ltd. v. Nat'l Mediation Bd.,* 956
F.2d 1245, 1255 (2nd Cir.), *cert. denied,* 506
U.S. 820, 113 S.Ct. 67, 121 L.Ed.2d 34 (1992).
"Only if the moving party presents new facts
or a clear error of law which 'compel' a
change in the court's ruling will the motion to

reconsider be granted." *New York,* 880
F.Supp. at 39.

In support of their motion, the plaintiffs
correctly note that the court erroneously con-
cluded that several of the intervenor-plain-
tiffs were not "Refiners" according to the
express terms of the settlement agreement.
That agreement defined "Refiners" as "all
participants in the Entitlements Program
based on actual or deemed runs-to-stills,
which are identified in DOE's draft Entitle-
ments Adjustment Notice published in the
Federal Register on Nov. 3, 1983, 48 Fed.
Reg. 50824." Because many of the refiner-
cooperatives have changed their names since
1983, this court should have found that all of
the intervenor-plaintiffs were participants in
the Entitlements Program and therefore
were "Refiners" according to the express
terms of the agreement.

Even so, however, nothing in the foregoing
definition of "Refiners" requires that a "Re-
finer" be subject to the same cost-absorption
framework for calculating refunds that was
used in the *Stripper Well* study. As the
court has already noted in its memorandum
opinion, the OHA did not contemplate mak-
ing any Citronelle refunds in 1986, and there-
fore cannot be held to have committed at that
time to structuring the Citronelle refunds
according to the *Stripper Well* framework.
Memorandum at 12–13.

Accordingly, plaintiffs have failed to
make the requisite showing. First, there has
been no intervening change of law. Second,
plaintiffs have not presented any new evi-
dence that was not previously available which
would alter this court's conclusions. Lastly,
the plaintiffs' motion has failed to establish
an error of law or fact which compels a
change in the court's ruling. The plaintiffs
rely on the same arguments that they origi-
nally made when opposing the defendants'
motion for summary judgment. Such previ-
ously developed arguments do not warrant
reconsideration of the court's holdings.

## ORDER

For the reasons stated in the Memoran-
dum that accompanies this order, it is this
29th day of December, 1998, hereby

**ORDERED** that plaintiffs' motion for vacation of this court's entry of summary judgment against the plaintiffs and in favor of the defendants and intervenor-defendants is **DENIED.**

This is an appealable Order.