**In re Noel Dean CLARK, Jr., Debtor.**

**Stephany Carr, Trustee, Plaintiff,**

v.

**Betsy Brennan, Individually and As Trustee of the Driftwood Family Trust, Defendant.**

**Bankruptcy No. 97–7770–9P7. Adversary No. 98–152.**

United States Bankruptcy Court, M.D. Florida.

May 19, 2000.

Stephany S. Carr, Naples FL, Trustee.

Stephen G. Wilcox, Fort Worth TX, for Trustee.

Betsy Brennan, Fort Meyers, FL, Pro se.

### ORDER ON MOTION FOR NEW TRIAL

ALEXANDER L. PASKAY, Bankruptcy Judge.

On April 5, 2000, this Court entered Final Judgment in the above captioned adversary proceeding in favor of Stephany Carr, the Trustee of the estate of Noel Dean Clark, Jr. (Debtor) against Betsy Brennan (Ms. Brennan), individually, and also as Trustee for Driftwood Family Trust (Driftwood Trust). The Final Judgment was entered after a full scale bench trial, at which time Ms Brennan appeared pro se. She announced at the commencement of the trial that she would also represent the Driftwood Trust. Ms Brennan is not an attorney. Notwithstanding, she stated that she was willing to proceed and would represent the interest of the Driftwood Trust.

The Final Judgment was based on the determination that certain transfers by the Debtor of his interest in mineral rights to Ms. Brennan and to the Driftwood Family Trust were fraudulent and the conveyances were invalid and unenforceable against the Debtor's Estate. Ms Brennan, having been aggrieved by the outcome of the trial, rather than seeking an appellate review, filed the present Motion in which she seeks a new trial on the following grounds:

First, Ms Brennan contends that the Final Judgment against the Driftwood Trust was invalid as a matter of law because a non-natural entity such as a corporation partnership or trust cannot be represented by a layman but must be represented by a duly licensed attorney. Second, she contends that the Final Judgment is flawed also because the Trustee failed "to join an indispensable party under Rule 19," obviously referring to F.R.Civ.P. 19 as adopted by F.R.B.P. 7019.

■ Before considering the grounds urged by Ms. Brennan for new trial it would be well to note at the outset that the motion for new trial provided for by F.R.B.P. 9023 as adopted by F.R.Civ.P. 59 was never designed as a substitute for an appeal. The Rule specifies the following grounds for a motion in subclause (a) as follows:

(a) **Grounds.** A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury ...; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States....

■ These reasons are (1) newly discovered evidence which could not be obtained for the trial with due diligence and which would have produced a materially different result or, (2) that the court committed a gross egregious legal error, which the court should have an opportunity to correct rather than require the party to seek correction through an appeal. 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil § 2808.* Newly discovered evidence must be of facts existing at the time of the trial. *National Anti-Hunger Coalition v. Executive Committee of President's Private Sector Survey on Cost Control,* 711 F.2d 1071, 1075 (D.C.Cir.1983). The moving party must have been excusably ignorant of the facts despite using due diligence to learn about them. *State of Washington v. U.S.,* 214 F.2d 33, cert. denied (9th Cir.1954) 348 U.S. 862 75 S.Ct. 86, 99 L.Ed. 679; *U.S. v. 41 Cases More or Less,* 420 F.2d 1126 (5th Cir.1970). The newly discovered evidence must be admissible and probably effective to change the result of the former trial. *Harrison v. Brooks,* 519 F.2d 1358, 1360 (1st Cir.1975).

■ Considering Ms. Brennan's points raised in reverse order, it is evident that she does not understand what the suit filed against her by the Trustee of the estate was about. It was not a suit to establish possible competing claims to the mineral rights transferred by the Debtor to her and to the Driftwood Trust. It was a suit to challenge and to invalidate the transfer of the Debtor's interest, whatever that interest was, as fraudulent and ineffective vis-à-vis the estate. Clearly to resolve this limited issue no one but the transferees were the necessary parties and certainly not others who were not direct or indirect transferees and whose rights, whatever rights they might have, were not involved in this adversary proceeding and were not adjudicated by this Court.

■ This leads to the consideration the first ground for new trial urged by Ms. Brennan which is, as noted earlier, that the Final Judgment is fatally flawed because Driftwood Trust as a non-natural entity was not represented by a duly licensed attorney admitted to practice in this Court at the trial. In support of this

proposition she cites several cases all of which stand for the proposition that if the right of a non-natural entity to litigate without proper legal representation is challenged the challenge will be sustained. In the case of *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381 (11th Cir.1985) the court indeed held that a corporation is an artificial entity that can only act through agents and cannot appear in a judicial case pro se and must be represented by counsel. The same view was adopted in the earlier case of *In re Las Colinas Development Corp.*, 585 F.2d 7 (1st Cir.1978)

The obvious difficulty with this argument should be evident for two reasons. First, in the present instance no one challenged Ms. Brennan's standing to represent the Driftwood Trust. Second, she herself stated her willingness to proceed as Trustee and that she would represent the Driftwood Trust. It certainly ill behooves her now to challenge her own standing to litigate the issues in the fraudulent transfer suit filed against the Driftwood Trust, a standing she asserted herself.

Applying the controlling principles described above to the undisputed facts as established at the final evidentiary hearing it is clear that none of the grounds asserted warrant the granting of the Motion for New Trial.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for New Trial filed by Ms. Brennan both as an individual and also as Trustee for the Driftwood Family Trust be, and the same is hereby, denied.