UNITED STATES of America, Plaintiff,

v.

PHILIP MORRIS INCORPORATED, et al., Defendants.

No. CIV. A. 99–2496(GK).

United States District Court, District of Columbia.

Jan. 31, 2001.

Webb, pro hac vice, Ricardo E. Ugarte, Winston & Strawn, Chicago, IL, Herbert M. Wachtell, pro hac vice, Ben M. Germana, pro hac vice, Steven M. Barna, pro hac vice, Jeffrey M. Wintner, pro hac vice, Wachtell, Lipton, Rosen & Katz, New York, NY, C. Ian Anderson, pro hac vice, Davis, Polk & Wardwell, New York, NY, for Philip Morris Inc., Philip Morris Companies, Inc., American Brand Tobacco.

Robert Francis McDermott, Jr., Jonathan M. Redgrave, pro hac vice, Jones, Day, Reavis & Pogue, Washington, DC, Robert M. Rader, Winston & Strawn, Washington, DC, Robert C. Weber, pro hac vice, Paul Crist, pro hac vice, Jones, Day, Reavis & Pogue, Cleveland, OH, for R.J. Reynolds Tobacco Co.

William Charles Hendricks, III, Andrew McCormack, pro hac vice, King & Spalding, Washington, DC, David M. Bernick, Kirkland & Ellis, Chicago, IL, Robert M. Rader, Kenneth N. Bass, Kirkland & Ellis, Washington, DC, Stephen R. Patton, pro hac vice, Kirkland & Ellis, Chicago, IL, for Brown & Williamson Tobacco Corp.

Robert M. Rader, Winston & Strawn, Washington, DC, Michael B. Minton, pro hac vice, Thompson Coburn, LLP, Washington, DC, J. William Newbold, pro hac vice, Coburn & Croft, St. Louis, MO, Richard Paul Cassetta, pro hac vice, Thompson & Coburn, LLP, St. Louis, MO, for Lorillard Tobacco Co.

Robert M. Rader, Winston & Strawn, Washington, DC, Michael P.A. Cohen, Howrey, Simon, Arnold & White, Washington, DC, Kenneth Anthony Gallo, Fred W. Reinke, Clifford, Chance, Rogers & Wells, LLP, Washington, DC, Aaron H. Marks, Marc E. Kasowitz, pro hac vice, Daniel R. Benson, pro hac vice, Kasowitz, Benson, Torres Friedman, L.L.P., New York, NY, for Liggett Group, Inc.

Michael Asher Schlanger, Sonnenschein, Nath & Rosenthal, Washington, DC, Robert M. Rader, Winston & Strawn, Washington, DC, Mary Elizabeth McGarry, pro hac vice, Michael V. Corrigan, Demetra

J. Patrick Glynn, Sharon Y. Eubanks, Department of Justice, Civil Division, Torts Branch, Washington, DC, for U.S.

Jonathan Louis Stern, Arnold & Porter, Washington, DC, Cynthia S. Cecil, pro hac vice, Hunton & Williams, Richmond, VA, Timothy M. Broas, Robert M. Rader, Winston & Strawn, Washington, DC, Dan K.

Frawley, pro hac vice, Simpson Thatcher & Barlett, New York, NY, for British American Tobacco, P.L.C.

William Salvatore D'Amico, Chadbourne & Parke, Washington, DC, Robert M. Rader, Winston & Strawn, Washington, DC, Timothy M. Hughes, pro hac vice, Garyowen P. Morrisroe, pro hac vice, Chadbourne & Parke, New York, NY, British American Tobacco (Investments) Ltd.

Robert M. Rader, Winston & Strawn, Washington, DC, Bruce G. Merritt, Steven S. Michaels, pro hac vice, Debevoise & Plimpton, New York, NY, Judah Best, Debevoise & Plimpton, Washington, DC, for Council for Tobacco Research-USA Inc.

Robert M. Rader, Winston & Strawn, Washington, DC, John Vanderstar, Keith Allen Teel, James Alexander Goold, Covington & Burling, Washington, DC, for Tobacco Institute, Inc.

Frank Janecek, Milberg, Weiss, Bershad, Hynes & Lerach, San Diego, CA, Lloyd Benton Miller, Sonosky, Chambers, Sachse, Miller & Munson, Anchorage, AK, for Cherokee Nation, Native Village of Tanana, movant.

### MEMORANDUM OPINION—ORDER # 44

KESSLER, District Judge.

## I. Introduction

The United States of America ("the Government"), brought suit against eleven tobacco-related entities ("Defendants")[1] to recover health care expenditures the Government has paid for or will pay for to treat tobacco-related illnesses allegedly caused by Defendants' tortious conduct, and to disgorge the proceeds of that unlawful conduct. The Court previously dismissed two of the Government's claims, and dismissed Defendant B.A.T. Industries p.l.c. ("BAT Ind.") for lack of personal jurisdiction. *See* Memorandum Opinions and Orders of September 28, 2000.[2]

This matter is now before the Court on the Government's Motion to Modify the Memorandum Opinion of the Court Granting BAT Ind.'s Motion to Dismiss the Complaint for Lack of Personal Jurisdiction ("Motion to Modify"). Upon consideration of the Motion, the Opposition, the Reply, and the entire record herein, the Government's Motion is **granted in part** and **denied in part.**

## II. The Government's Request to Modify

The Government asks the Court to revisit the BAT Opinion. The Government's basic contention is that portions of that Opinion are inconsistent with the Supreme Court's decision in *Salinas v. United States*, 522 U.S. 52, 118 S.Ct. 469, 139 L.Ed.2d 352 (1997), and should therefore be stricken. Specifically, the Government requests that the Court strike from the BAT Opinion any statement indicating that Defendants must actually commit a racketeering act to be liable for a Racketeer Influence and Corrupt Organizations Act ("RICO") conspiracy. According to the Government, *Salinas* dictates that "a defendant may be liable for a RICO conspiracy under 18 U.S.C. § 1962(d) if the evidence establishes [either] that the defendant agreed that it or another member of the RICO conspiracy would commit two racketeering acts in furtherance of the affairs of the RICO enterprise" *or* the defen-

---

1. The initial eleven Defendants were: Philip Morris, Inc., R.J. Reynolds Tobacco Co., Brown & Williamson Tobacco Co., Lorillard Tobacco Company, The Liggett Group, Inc., American Tobacco Co., Philip Morris Cos., B.A.T. Industries p.l.c., British American Tobacco (Investments) Ltd., The Council for Tobacco Research—U.S.A., Inc., and The Tobacco Institute, Inc.

2. The Memorandum Opinion dismissing BAT Ind. for lack of personal jurisdiction, *United States v. Philip Morris, Inc.*, 116 F.Supp.2d 116 (D.D.C.2000), will be referred to as the "BAT Opinion."

dant "knowingly agreed to facilitate the commission of a RICO offense by another conspirator." Motion to Modify at 4.

■ Although the Government concedes that a plaintiff must show that a defendant engaged in two or more predicate acts to state a claim under one of RICO's substantive provisions (§ 1962(a), (b), or (c)), it argues that *Salinas* rejected such a requirement with respect to RICO's conspiracy provision under § 1962(d). The Government contends that any statements in the BAT Opinion which suggest otherwise are incorrect as a matter of law and should accordingly be modified to reflect the law announced in *Salinas*.

The Court agrees with the Government's reading of *Salinas*.[3] Accordingly, and given the fact that BAT Ind. does not appear to have any objection to the Motion insofar as it only seeks to strike certain language in the Memorandum Opinion, the Court will **grant** the Government's request. All statements in the Court's BAT Opinion that are inconsistent with *Salinas* are deemed stricken.[4]

## III.  The Government's Request for Reconsideration

In addition to requesting that certain language in the Memorandum Opinion be modified or stricken, the Government states rather obliquely that the Court "may also wish to reconsider its dismissal of BAT Ind.," Motion to Modify at 4, and that the "Motion to Modify could bear

directly upon the Court's decision to grant" BAT Ind.'s motion to dismiss. United States' Reply in Support of Mot. to Modify BAT Op. ("Reply") at 4–5. In other words, although the present motion is styled as a "Motion to Modify," the Government is also presenting it as a motion for reconsideration pursuant to Fed. R.Civ.P. 59(e). *See* Motion to Modify at 1 n. 1.[5]

■ To prevail on a motion for reconsideration, it is the moving party's burden to show "new facts or clear errors of law which compel the court to change its prior position." *National Ctr. for Mfg. Sciences v. Department of Defense*, 199 F.3d 507, 511 (D.C.Cir.2000) (internal citation omitted). A motion for reconsideration will not be granted if a party is simply attempting to renew legal arguments that have already been rejected by the Court. *See New York v. United States*, 880 F.Supp. 37, 38 (D.D.C.1995); *Assassination Archives and Research Ctr. v. United States Dep't of Justice*, 828 F.Supp. 100, 101–102 (D.D.C.1993). In general, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." 11 Charles A. Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure § 2810.1, at 124 (2d ed.1995).

■ In its Motion to Modify, the Government cites two documents, both relating to a single episode, which it contends make a prima facie showing of a conspira-

---

3.  It is important to note that this precise issue (*i.e.*, the legal standard for RICO conspiracy claims) was never expressly briefed in any of the memoranda of law relating to BAT Ind.'s motion to dismiss. The issue was touched upon in a lengthy footnote of BAT Ind.'s Reply Brief, which seemed to argue that a plaintiff cannot state a RICO conspiracy claim unless it shows that a defendant has committed two predicate acts. *See* BAT Ind.'s Reply Mem. in Support of Mot. to Dismiss at 28 n. 21. As this statement was first made in BAT Ind.'s Reply Brief, the Government did not have an opportunity to respond in writing.

4.  Because it is not in the interest of judicial economy, the Court does not intend to issue a revised BAT Opinion. Those portions of the BAT Opinion which inaccurately state the legal standard for RICO conspiracy claims will, of course, not have any binding effect on future matters in this case.

5.  The Court notes that filing a four page "Motion to Modify" which states that the Court "may also wish to reconsider" its earlier Opinion is hardly the appropriate way to seek reconsideration under Rule 59(e), especially when the earlier twenty-nine page Opinion was the result of extensive briefing and oral argument.

cy, when the correct legal standard is applied.[6]

The first document is a September 9, 1983 letter from BAT Ind.'s then-chairman, Sir Philip Sheehy, to a Philip Morris, Inc., executive, expressing objections to an advertising campaign launched in Holland by Philip Morris–Holland B.V. *See* Govt's Proffer of Publicly Available Evidence ("Prof.") Ex. 58. Mr. Sheehy stated that Philip Morris–Holland B.V. had made a "mockery of Industry co-operation on smoking and health issues" by republishing an advertisement originally run by an anti-smoking group which allegedly slandered a BAT Ind. cigarette brand, Barclay. Mr. Sheehy stated that he was "confident" that Philip Morris, Inc. did "not approve of the questionable tactics behind [its] Dutch company's advertisement," and strongly requested that the advertisement be retracted, upon threat of legal action. *Id.*

The second document contains the notes from a follow-up telephone conversation, approximately a month and a half later, in which a BAT Ind. official told a Philip Morris official that it was "[e]ssential to ensure that in future no member of the Industry does anything similar." Prof. Ex. 59.

To make a prima facie showing of conspiracy, the Government must show "(1) that two or more people agreed to commit a substantive RICO offense and (2) that the defendant knew of and agreed to the overall objective of the RICO offense." *United States v. Posada–Rios,* 158 F.3d 832, 857 (5th Cir.1998) (recognizing import of *Salinas*), *cert. denied,* 526 U.S. 1031, 119 S.Ct. 1280, 143 L.Ed.2d 373 (1999); *Brouwer v. Raffensperger, Hughes & Co.,* 199 F.3d 961, 967 (7th Cir.2000).

Applying the correct legal standard to the two documents cited by the Government in its Motion to Modify, the Court finds that the Government still has failed to show that exercising personal jurisdiction over BAT Ind. would be proper. The Government has not shown, using these two documents, that BAT Ind. "agreed to commit a substantive RICO offense." *Posada–Rios,* 158 F.3d at 857. There is nothing inherently unlawful about discussing cooperation, as the BAT Ind. officials did in these documents, and the Government does not explain how these documents specifically suggest that BAT Ind. conspired to violate the law.[7] It is the Government's burden to make such a showing, since it is the party requesting reconsideration, and it is has not satisfied its burden.[8]

---

6. As these documents were previously produced by the Government and discussed by the Court, they are not "new" for purposes of the Government's Motion to Modify. However, because the BAT Opinion applied an incorrect legal standard and therefore did not consider whether these documents made a prima facie showing of a conspiracy under the correct legal standard, the Government's argument contained in the Motion to Modify is now being considered for the first time.

7. The Government contends that these documents "constitute evidence of distinct racketeering acts," *i.e.,* mail fraud and wire fraud, respectively. Motion to Modify at 5. However, given that the present motion is one for reconsideration, it is the Government's burden to show how BAT Ind.'s actions, as described in the two documents, constitute unlawful acts. The Government's assertion that BAT Ind. has engaged in (or conspired to commit) mail fraud or wire fraud is simply a legal conclusion, and does not compel the Court to reconsider its dismissal of BAT Ind. from this lawsuit. *See also* note 8, *infra.*

8. It is important to note, as the Court acknowledged in the BAT Opinion, that there were additional grounds on which it might well have granted BAT Ind.'s motion to dismiss but which it did not have occasion to reach. *See* BAT Opinion, 116 F.Supp.2d at 122 n. 6 (stating that "[w]ithout substantial evidence that the defendant participated in a conspiracy aimed at a forum, courts have tended to decline to exercise jurisdiction" and citing four decisions from federal district courts in the District of Columbia); *id.* at 130 ("It is also unnecessary for this Court to reach the question of the constitutionality of conspiracy theory jurisdiction"). It is also important to recognize that the vast majority of courts which have considered whether per-

The Government has not demonstrated that the BAT Opinion's conclusion (that the Court lacks personal jurisdiction over BAT Ind.) would have been different if the Court had applied the correct legal standard with respect to RICO conspiracies. Therefore, the Government has not satisfied its burden of showing that the Court committed a *material* error of law. *See National Ctr. for Mfg. Sciences*, 199 F.3d at 511 (holding that reconsideration is appropriate only when moving party demonstrates error of law which would "compel the court to change its prior position"). To the extent that the Government seeks reconsideration of the Court's Memorandum Opinion, this request is **denied.**

## IV. Conclusion

For the reasons stated above, the Government's Motion to Modify is **granted in part** and **denied in part.** Insofar as the Government requests that the Court's BAT Opinion be modified so as to conform with the Supreme Court's decision in *Salinas v. United States*, 522 U.S. 52, 118 S.Ct. 469, 139 L.Ed.2d 352 (1997), the Government's request is **granted.** To the extent that the Government requests reconsideration of the Court's decision to grant BAT Ind.'s motion to dismiss, however, that request is **denied.**

An appropriate Order will accompany this Opinion.

### ORDER # 44

This matter is before the Court on the Government's Motion to Modify the Memorandum Opinion of the Court Granting BAT Ind.'s Motion to Dismiss the Complaint for Lack of Personal Jurisdiction [# 168]. Upon consideration of the Motion, the Opposition, the Reply, and the entire record herein, for the reasons discussed in the accompanying Memorandum Opinion, it is this 31st day of January 2001

**ORDERED,** that the Government's Motion [# 168] is **granted in part** and **denied in part.**

---

sonal jurisdiction over BAT Ind. is proper in the United States have concluded that it is not. *See id.* at 129 n. 15. Significantly, the

Government does not address either one of these issues in its Motion to Modify.