**In re OLDE FLORIDA INVESTMENTS, LTD, Debtor.**

**Olde Florida Investments, Ltd, Plaintiff,**

**v.**

**Port of the Islands Community Improvement District, Arthur R. Piper, Charles J. Alaimo, Collier County Tax Collector, First Union National Bank, as Custodian for Fundco, Inc., First Union National Bank, as Custodian for Holdco, Inc., First Union National Bank, As Custodian for Direct Lien Funding Co., Heartwood '88, Inc., Leon McCaskey, Nellie Kirby, Robert L. Hill, and Rose Marie Desimone and the State of Florida, Department of Revenue, et al., Defendants.**

**Bankruptcy No. 01–5321–9P1.
Adversary No. 01–213.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

June 6, 2003.

Louis X. Amato, Louis X. Amato, P.A., Naples, FL, for debtor.

Drew M. Dillworth, Esquire, c/o Stearns, Weaver, Miller, et al., Miami, FL, Warren S. Bloom, Nabors, Giblin & Nickerson, P.A., Orlando, FL, Robert B. Glenn, Glenn, Rasmussen, Fogarty & Hooker, P.A., Tampa, FL, for creditors.

T. Patrick Tinker, Office of U.S. Trustee, Tampa, FL, U.S. Trustee.

### ORDER ON MOTION FOR RECONSIDERATION AND REHEARING OF FINAL JUDGMENT DATED MAY 2, 2003

(Doc. No. 1176)

ALEXANDER L. PASKAY, Chief Judge.

The matter under consideration in this yet to be confirmed Chapter 11 case of Olde Florida Investment, Ltd. (Debtor) is "Plaintiff, Olde Florida Investments, Ltd.'s Motion for Reconsideration and Rehearing of Final Judgment Dated May 2, 2003" (Doc. No. 1176), filed by the Debtor. The Motion is filed pursuant to Fed.R.Civ.P. 59 and Fed.R.Civ.P. 60.

It should be noted at the outset that the Debtor did not seek, in its Motion, either a new trial or an amendment of the Final Judgment, thus Fed.R.Civ.P. 59 is not applicable. This leaves for consideration the alternative ground for relief based on Fed. R.Civ.P. 60, as adopted by F.R.B.P. 9024. This Section provides in sub-clause (a) that relief may be granted based on "Clerical Mistakes." In sub-clause (b), relief may be granted under this Rule for "Mistakes; Inadvertence; Excusable Neglect, Newly Discovered Evidence, Fraud, Etc."

In sub-clause (b)(6), relief may be granted for any other reason justifying relief from the operation of the judgment. Although this Court is satisfied that this record finds no support for the Motion and is equally satisfied that a Motion for Reconsideration was never designed to operate as a substitute for an appeal, it is also recognized that it may be appropriate, if the court committed an egregious error of law, and not to require litigants to seek relief through the appellate process. For this reason, a court should be given an opportunity to correct the error. *National Trust v. Dept. of State,* 834 F.Supp. 453, 455 (D.D.C.1993) (*quoting Virgin Atlantic Airways, Ltd. v. National Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.), *cert. denied,* 506 U.S. 820, 113 S.Ct. 67, 121 L.Ed.2d 34 (1992)). However, this Court is satisfied that under either Rule cited by the Debtor, it failed to satisfy the standard required to justify reconsideration. *Carr v. Brennan (In re Clark),* 252 B.R. 550 (Bankr.M.D.Fla.2000); *In re DEF Invest-*

*ments, Inc.*, 186 B.R. 671 (Bankr.D.Minn. 1995); *Capital Factors, Inc. v. General Plastics Corp. (In re General Plastics Corp.)*, 184 B.R. 996 (Bankr.S.D.Fla.1995).

▇ In the Motion, the Debtor contends that this Court previously held that it has jurisdiction based on 11 U.S.C. § 505, to determine the issues raised in the Debtor's Complaint and based on the case of *In re Piper Aircraft Corp.*, 171 B.R. 415 (Bankr. S.D.Fla.1994), the defenses laches, estoppel or waiver was held not to be available in an action based on Section 505 of the Code. In support of this proposition, the Debtor relies on a statement in this Court's Order Granting Motion to Dismiss (Doc. No. 58), which in part denied the Defendants' Motion to Dismiss the Complaint for lack of jurisdiction. On page 8 of the Order, this Court did in fact state "although it appears that the special assessment involved here is not a tax ... under Florida law, [it] *may* be deemed to be taxes, which this Court may consider under Section 505(a) of the Bankruptcy Code" emphasis supplied. Based on the foregoing, this Court held that it had jurisdiction and denied that aspect of the Motion to Dismiss.

It should be also pointed out that in the same Order, this Court also held, as an alternative basis for jurisdiction, that pursuant to 28 U.S.C. § 157(b)(2)(K), this Court had "core" jurisdiction to determine the validity, priority and extent of a lien. Moreover, the previous holding on this issue was made in the context of a ruling on a motion to dismiss the complaint where this Court denied the motion because it is well established that if a plaintiff may ultimately prevails on any theory under the complaint, it should not be dismissed. *In re Johannessen*, 76 F.3d 347 (11th Cir. 1996).

The holding, by this Court, in its Memorandum Opinion based upon the Final Judgment is entered and is under challenge by this Motion, while it held that the special assessment was indeed not a "tax," this Court based its final ruling in the context of a determination of the validity, priority or extent of the lien, which encumbers the property of the Debtor by the special assessment. Based on this, this Court held that the holding of *Piper* was not applicable and the defenses of laches, estoppel or waiver were available defenses.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Reconsideration be, and the same is hereby, denied.