**THE FUND FOR ANIMALS,**
**et al Plaintiffs,**

v.

**Gale NORTON, et al, Defendants.**

**Greater Yellowstone Coalition,**
**et al Plaintiffs,**

v.

**Gale Norton, et al, Defendants.**

**No. CIV.A.02–2367 EGS.**

United States District Court,
District of Columbia.

July 23, 2004.

Eric Robert Glitzenstein, Howard M. Crystal, Meyer & Glitzenstein, Washington, DC, Douglas L. Honnold, Bozeman, MT, for Plaintiffs.

Lauren Beth Fischer, U.S. Department of Justice, Washington, DC, for Defendants.

## OPINION AND ORDER

SULLIVAN, District Judge.

## I. BACKGROUND

This case originally came before the Court on the Fund for Animals' ("Fund") and the Greater Yellowstone Coalition's ("Yellowstone Coalition") challenge to the National Park Service's ("Service" or "NPS") administrative decision, codified in a 2003 Supplemental Environmental Impact Statement ("SEIS") and Record of Decision ("2003 ROD"), to allow continued snowmobiling and trail grooming in Yellowstone National Park, Grand Teton National Park, and the John D. Rockefeller, Jr. Memorial Parkway (collectively "Yellowstone" or "Parks"). On December 16, 2003, this Court issued an Opinion and Order, finding both Administrative Procedure Act ("APA") and National Environmental Policy Act ("NEPA") violations, and vacated and remanded the 2003 Record of Decision, the 2003 Supplemental Environmental Impact Statement, and the 2003 Final Rule to the National Park Service, U.S. Department of the Interior, for further proceedings.

Pending before the Court is the Fund Plaintiffs' Motion to Amend the December 16, 2003, Opinion and Judgment pursuant to Federal Rule of Civil Procedure 59(e). Plaintiffs seek a separate ruling on their Endangered Species Act ("ESA") claims against the Fish and Wildlife Service ("FWS") and a vacatur and remand of the 2003 Biological Opinion and Concurrence ("2003 BO").[1] The Court specifically did not reach the ESA claims in the December 16, 2003, Opinion, noting that "[b]ecause the Court remands on the grounds that the agency reversal in position was arbitrary and capricious, the Court need not reach Plaintiffs ... Endangered Species Act claims." *See The Fund for Animals v. Norton,* 294 F.Supp.2d 92, n. 12 (D.D.C. 2003).[2]

## II. ANALYSIS

### A. *Standard of Review*

The Fund seeks review under Federal Rule of Civil Procedure 59(e), which provides for a motion to "alter or amend a judgment" within ten days of the entry of a judgment. Fed.R.Civ.P. 59(e). In this Circuit, a "Rule 59(e) motion 'is discretion-

1. During summary judgment litigation, the Fund plaintiffs alleged that the issuance of the 2003 ROD, based on an allegedly incomplete August 2002 Biological Assessment and March 2003 Biological Opinion, violated the ESA. Specifically, plaintiffs argued that NPS and FWS failed to ensure that the authorized activities—namely, trail grooming—would not "jeopardize the continued existence of any endangered species or threatened species or result in the destruction or adverse modification of habitat of such species." 16 U.S.C. § 1536(a)(2). The Fund plaintiffs argued that the FWS's concurrence with the NPS's BO, in the absence of formal consultation, was arbitrary and capricious. 16 U.S.C. § 1536(a)(2); 50 C.F.R. § 402.14 (outlining formal consultation requirements). Finally, the Fund plaintiffs alleged that the March 2003 ROD authorized activities that would result in the

illegal "take" of species. 16 U.S.C. § 1538(a)(1)(B).

2. Indeed, although the Fund has now altered its position, during the December 15, 2003, oral arguments the Fund's counsel agreed that the ESA claims need not be reached. The Fund plaintiffs, recognizing this inconsistency, now state "although The Fund Plaintiffs' counsel agreed with the Court at the hearing on December 15, 2003, that, in the event the Court found that the NPS had violated NEPA, it need not consider whether *that* agency had also violated the ESA ... The Fund Plaintiffs' counsel did not mean that the Court need not resolve the separate, albeit related claims against the *FWS.*" Fund Mot. to Amend at n. 4 (emphasis in original). In essence, the Fund now argues that the ESA claim should be viewed as a distinct claim against a separate party defendant—the FWS.

ary' and need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996) (quoting *National Trust v. Department of State*, 834 F.Supp. 453, 455 (D.D.C.1993)); *see also Ciralsky v. C.I.A.*, 355 F.3d 661, 671 (D.C.Cir.2004) (applying same standard, and noting that a district court's denial of such a motion is reviewed under an abuse of discretion standard). Moreover, Rule 59 motions "are not to be used to relitigate matters already argued and disposed of; they are intended to permit the court to correct errors of fact appearing on the face of the record, or errors of law." *Independent Petroleum Ass'n of America v. Babbitt*, 178 F.R.D. 323, 324 (D.D.C.1998)(citing *U.S. v. Western Electric Co., Inc.*, 690 F.Supp. 22, 25 (D.D.C.1988)); *see also New York v. United States*, 880 F.Supp. 37, 38 (D.D.C.1995) ("A Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled.").

## B. *The Motion to Amend*

In order to soundly prevail on this motion, the Fund plaintiffs must show an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone*, 76 F.3d at 1208. The Fund has not asserted that a change in law has occurred or that new evidence has been unearthed. Thus, although not clearly articulated by the Fund, it appears that the Fund proceeds under "the need to correct a clear error or prevent a manifest injustice." *Firestone*, 76 F.3d at 1208.

Quite simply, the Fund does not come close to demonstrating clear error or the possibility of injustice. Rather, the Fund

plaintiffs argue that while "the Court's well-reasoned opinion deals fully with all of the Fund Plaintiffs' other claims, the Court has not rendered a ruling on the Fund Plaintiffs' separate ESA claims against the Fish and Wildlife Service or remanded that agency's 2003 Biological Opinion and Concurrence." Fund Mot. at 1. The Court should reach these claims, argues the Fund, because "absent such relief, it is not at all clear whether the FWS will take a fresh look at the impacts of trail grooming on grizzly bears ... especially in the event that the NPS makes a new decision on winter use that provides for the continuation of trail grooming." Fund. Mot. at 4–5.

The arguments underlying the Fund's instant motion to amend are identical to the arguments made during the summary judgment litigation; indeed, the Fund plaintiffs rely heavily on their summary judgment pleadings to support their motion to amend. As federal defendants aptly state, the motion "does no more than reargue the same facts and theories already considered by the Court." Fed. Defs.' Response at 2. Outside of plaintiffs' argument that the relief now requested "flows ineluctably from the legal violations the Court has already articulated—particularly the failure to adequately consider the impacts of packed roads on bison, which are a critical winter food source for ESA protected grizzly bears," no new arguments, facts, or theories are advanced. Fund. Mot at 1–2. Plaintiffs simply have not "present[ed] new facts or a clear error of law which 'compel' a change in the court's ruling." *State of N.Y.*, 880 F.Supp. at 39.

Moreover, it is not insignificant that the Fund actually *prevailed* on summary judgment and obtained the relief it desired. The 2003 Final Rule was remanded, with instructions that the agency fully consider

the effects of trail grooming when promulgating a new rule. *See The Fund for Animals,* 294 F.Supp.2d at 111 ("The decision, codified in the 2003 ROD and the Final Rule, to continue to pack the road system without even considering trail closures, and without putting forth a clear rationale for this failure, renders the SEIS flatly inadequate under NEPA."); *id.* at 115 (remanding Rule for further consideration not inconsistent with the Opinion). During the summary judgment litigation, the Fund argued that the SEIS–ROD/2003 Rule was unlawful on three grounds: that it violated the agency's statutory mandates; it violated NEPA and the 1997 settlement agreement; and it violated the ESA. Whether the Court found the SEIS–ROD arbitrary on one ground or on all three grounds is irrelevant, as the end result the Fund sought is still the same: the 2003 Rule was remanded. Recognizing this, the Court exercised its discretion to avoid reaching non-necessary issues, and specifically did not reach the Organic Act, Endangered Species Act, or Settlement Agreement claims. *See Hutchins v. District of Columbia,* 942 F.Supp. 665, n. 19 (D.D.C.1996) *rev'd on other grounds,* 188 F.3d 531 (D.C.Cir.1999) (noting that since the court struck down the statute at issue on equal protection and due process grounds, it need not reach the question of whether the statute was unconstitutional under the First or Fourth Amendments).

The Court recognizes that the Fund also sought, during the summary judgment litigation, to remand the 2003 BO and the FWS concurrence, which are the documents underlying the SEIS–ROD. However, given that the 2003 Final Rule was remanded on alternate grounds, there is no need to reach the underlying documents; again, even if the Court were to grant the Motion to Amend, the end result would not change, as the *ultimate* relief remains the remand of the 2003 Rule.[3] Indeed, this is the exact relief the Fund requested during summary judgment proceedings: "The Fund Plaintiffs principally request that the Court (a) *set aside the Park Services SEIS and Record of Decision on winter use in the Yellowstone Parks;* (b) order the NPS to respond to the Rule–Making Petition; and (c) enjoin the grooming of snow-packed roads in certain portions of Yellowstone National Park." Fund Mot. for Summ. J. at 4 (emphasis added). The Court fully responded to each request for relief: it remanded the 2003 Final Rule, ordered a response to the Rule–Making Petition, and declined to enjoin trail grooming.[4]

Accordingly, plaintiffs' Motion to Amend the Court's December 16, 2003, Opinion and Judgment is **DENIED**.

---

3. Indeed, the Fund advocated that the SEIS–ROD should be remanded *because* of the alleged ESA violations: "Accordingly, the FWS's 2003 BO on the Cananda lynx, and concurrence regarding other species, should be set aside. *In addition, because the SEIS–ROD's conclusions regarding the impacts of winter use plan ... are predicated on these fundamentally flawed analyses, the SEIS and SEIS–ROD should be set aside based on the* agencies' violations of the ESA as well." Fund. Mot. for Summ. J. at 38 (emphasis added).

4. Further, assuming NPS compliance with the Court's December 2003 Opinion and Order, if the underlying BO is faulty any deficiencies will be rectified during the new rule-making process.