UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                    )
JOHN T. HINES,                      )
                                    )
        Plaintiff/Counterdefendant, )
                                    )
             v.                     )    Civil Action No. 08-0914 (PLF)
                                    )
UNITED STATES, et al.,              )
                                    )
        Defendants/Counterplaintiffs. )
                                    )
```

MEMORANDUM OPINION AND ORDER

On September 30, 2009, the Court granted judgment for the defendants and

against plaintiff in the amount of $265,851.60 in unpaid taxes, penalties, and interest.  See Hines

v. United States, Civil Action No. 08-914, 2009 U.S. Dist. LEXIS 90236 (D.D.C. Sept. 30,

2009).  The matter is now before the Court on plaintiff's motion to vacate the judgment.  Plaintiff

does not specify whether his motion is one brought  under Rule 59(e) of the Federal Rules of

Civil Procedure to alter or amend the judgment or under Rule 60(b), which provides for relief

from a final judgment or order.  Accordingly, the Court will consider the motion under both

rules.

"Motions to alter or amend a judgment under Rule 59(e) are not to be used to

relitigate matters already argued and disposed of; they are intended to permit the court to correct

errors of fact appearing on the face of the record, or errors of law."  Hammond v. Kempthorne,

448 F. Supp. 2d 114, 118 (D.D.C. 2006).  A Rule 59(e) motion will not be granted unless there is

an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citing National Trust v. Dep't of State, 834 F. Supp. 453, 455 (D.D.C. 1993), *aff'd in part and rev'd in part on other grounds sub nom*, Sheridan Kalorama Historical Ass'n v. Christopher, 49 F.3d 750 (D.C. Cir. 1995)).  Plaintiff's motion, much of which consists of *ad hominem* attacks against defendants as well as the Court, does not meet this standard.  It does not identify any change of controlling law or previously unavailable evidence, nor does it convince the Court that the judgment for defendants was based on a clear error or a manifest injustice.

> Rule 60(b) provides for relief from a final judgment for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).  The Court concludes that plaintiff has not shown that he meets any of

these bases for relief from a final judgment and therefore that his motion will be denied.

Accordingly, it is hereby

ORDERED that plaintiff's motion to vacate [36] is DENIED.

SO ORDERED.

_/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: November 30, 2009