**Michael ELLIS, Plaintiff,**

v.

**INTERNAL REVENUE SERVICES, COMMISSIONER, Defendant.**

**Civil Action No. 12–0655 (ABJ)**

United States District Court, District of Columbia.

Signed April 15, 2013

---

Michael Ellis, Rice, TX, pro se.

## MEMORANDUM OPINION AND ORDER

AMY BERMAN JACKSON, United States District Judge

This matter is before the Court on plaintiff's motion under Federal Rule of Civil Procedure 59(e) to alter the Court's November 7, 2012 judgment dismissing the amended complaint for lack of jurisdiction or, in the alternative, seeking leave under Rule 15(a) to file a second amended complaint. Rule 59(e) Mot. to Alter or Amend or Alternatively Rule 15(a) Mot. for Permission to File Second Am. Compl. [Dkt. # 12] ("Mot. to Alter"). Because plaintiff has not identified any proper basis for the Court to alter or set aside its judgment, the Court will deny the first part of plaintiff's motion. And since the Court has already dismissed this action and will not set aside that judgment, the motion for leave to amend will also be denied.

## BACKGROUND

Plaintiff Michael Ellis filed a "First Amended Complaint/Petition for Injunction" on May 29, 2012 against the Commissioner of the Internal Revenue Services ("IRS"). The amended complaint alleged that the Commissioner of the IRS falsifies internal computer records and certifications for use in court proceedings. Am. Compl. [Dkt. # 6] at 1. Specifically, it asserted that defendant manipulated the "Individual Master File" and the "Audit Information Management System" in order to fraudulently create substitute tax returns, called 1040A forms, for individuals such as plaintiff who failed to file individual income tax returns. Am. Compl. at 1. The amended complaint expressly stated that plaintiff was requesting "a finding [that] the Commissioner falsifies his records and certificates, and to generally enjoin the Commissioner from falsifying *in the future* his computer records and court-ready certifications," and the he was "not seeking 'declaratory' relief of any kind," nor "to 'amend' any falsified record." *Id.* at 2 (emphasis in original).

The Court dismissed the action for lack of standing because the amended complaint presented no actual or imminent injury that

was likely to be redressed by the relief sought. Order [Dkt. # 11]. Since the only relief sought in the amended complaint was an injunction against future injury,[1] the plaintiff was required to allege that he was "immediately in danger of sustaining some direct injury" that was "real and immediate." *Id.* at 2, citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). The Court found that the amended complaint contained no such allegation because it contained no factual allegations that would lead to a reasonable inference that the government is likely to engage in fraud against plaintiff in the future. *Id.* at 3. This deficiency, therefore, deprived the Court of Article III standing. *Id.*

### MOTION TO ALTER OR AMEND JUDGMENT UNDER RULE 59(e)

### I. Standard of Review

■■■ "Motions to alter or amend a judgment under Rule 59(e) are not to be used to relitigate matters already argued and disposed of; they are intended to permit the court to correct errors of fact appearing on the face of the record, or errors of law." *Hammond v. Kempthorne*, 448 F.Supp.2d 114, 118 (D.D.C.2006), citing *Indep. Petroleum Ass'n of Am. v. Babbitt*, 178 F.R.D. 323, 324 (D.D.C.1998) (internal quotation marks omitted). A Rule 59(e) motion will not be granted unless there is an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996) (per curiam), citing *Nat'l Trust for Historic Pres. v. Dep't of State*, 834 F.Supp. 453, 455 (D.D.C.1993), *aff'd in part and rev'd in part on other grounds sub nom, Sheridan Kalorama Historical Ass'n v. Christopher*, 49 F.3d 750 (D.C.Cir.1995).[2]

### II. Analysis

■■■ Plaintiff's motion to alter does not identify any intervening change of controlling law or any clear error in the Court's prior judgment. And while plaintiff purports to raise two new allegations, they have no bearing on the Court's prior judgment. Rather, plaintiff largely raises arguments that are not relevant to the basis on which the Court dismissed the case.

In his motion to alter or amend, plaintiff identifies two allegations in the amended complaint that he claims should have compelled a different outcome. However, he fails to reveal any clear error or manifest injustice. First, plaintiff points to allegations in the amended complaint that the Commissioner of the IRS issued liens and levies against him and that those liens and levies are still ongoing. Mot. to Alter at 3–4. But, as the Court stated in its November 7 Order, since the amended complaint did not ask the Court to amend any records that had already been falsified—and explicitly rejected any such construction of the relief sought—plaintiff cannot show that the relief sought in the amended complaint would redress any ongoing injury from liens and levies that were imposed due to past fraud. *See* Order [Dkt. # 11] at 2–3.

Second, plaintiff claims that previously submitted affidavits establish that "the IRS is engaged in an ongoing, long-standing, nationwide, systematic program to injure/defraud." Mot. to Alter at 4–6. On August 7, 2012, plaintiff submitted affidavits from Lester Ramer, Louis Ronald Depolo, and himself. [Dkt. # 7-1]; [Dkt. # 7] at 15–17. These affidavits conclude that the IRS falsification is "systematic," but since these conclusions are not based on any facts of which the affiants have personal knowledge, the Court will not rely on them. *See La Botz v. FEC*, 889 F.Supp.2d 51, 61 (D.D.C.2012) (finding the fact that an affidavit proffered by the

---

1. Although the amended complaint also sought a finding that the Commissioner falsified his records and certificates, the Court need not concern itself with this statement since the complaint expressly states that it is "<u>not</u> seeking 'declaratory' relief of any kind." Am. Compl. at 2.

2. Since plaintiff continues to proceed *pro se*, the Court "take[s] particular care to construe the plaintiff's filings liberally, for such complaints are held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Cheeks v. Fort Myer Constr. Co.*, 722 F.Supp.2d 93, 107 (D.D.C. 2010), quoting *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

plaintiff was not based on personal knowledge was a "serious flaw" because "[o]rdinarily, a witness' testimony must meet a basic threshold: it must be based on personal knowledge"); *see also* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

The factual assertions contained in the affidavits—even when assumed true—also do not reveal any clear error in the Court's prior judgment. The Ramer and Depolo affidavits state that Ramer discovered the IRS allegedly falsified his IMF record to make it appear that he had elected to file a 1040A tax return for the years 2000 to 2003, and that Depolo discovered the same type of alleged falsification for the year 1999. Ramer Aff. at 1–3; Depolo Aff. at 1–2. The Ellis affidavit details correspondence between plaintiff and various IRS officials about the same allegations of fraud alleged in the complaint. Ellis Aff. at 15–17. But, as the Court previously found in its Order of November 7, none of these allegations is sufficient to show that the plaintiff has standing to seek the relief requested in the amended complaint. If a plaintiff is seeking to enjoin a future act, he must assert factual allegations showing that plaintiff "is immediately in danger of sustaining some direct injury" that is both "real and immediate." *Lyons*, 461 U.S. at 102, 103 S.Ct. 1660. Mere assertions that the IRS allegedly falsified records in the past does not indicate a real and immediate threat of it happening to plaintiff in the future. *Id.*; *see also* Order [Dkt. # 11] at 2.

Finally, plaintiff claims that he has new evidence that should affect the Court's decision. First, he points to a letter mailed to him by the IRS on July 23, 2012 that refers to an allegedly fraudulent document from tax year 2009. Mot. to Alter at 6–7. This is not sufficient to show clear error or manifest injustice for the same reasons just described—allegations of past fraud do not indicate a real and immediate threat of future fraud.[3] Second, he alleges that his former employer, Holly DeLeon, recently informed him that she is opening a new division of a company but cannot hire plaintiff because of the unresolved issues regarding the ongoing IRS levy. *Id.* at 8. This evidence also fails to demonstrate clear error or manifest justice because even if these allegations are true, the relief plaintiff has sought in this case would not redress any ongoing harm from past acts of fraud, as the Court already described.

## MOTION FOR LEAVE TO AMEND UNDER RULE 15(a)

In the alternative to his request that the Court alter its judgment, plaintiff asks the Court for leave to file a second amended complaint. Mot. to Alter at 9. The Court will also deny this request. "[O]nce a final judgment has been entered, a court cannot permit an amendment unless the plaintiff first satisfies Rule 59(e)'s more stringent standard for setting aside that judgment." *Ciralsky v. CIA*, 355 F.3d 661, 673 (D.C.Cir.2004), citing *Firestone*, 76 F.3d at 1208 (internal quotation marks and alterations omitted). Since the Court has already dismissed this action and it will not set aside that judgment under Rule 59(e), it has not been presented with grounds that would support granting plaintiff leave to file a second amended complaint.

## CONCLUSION

Accordingly, it is hereby

**ORDERED** that plaintiff's Rule 59(e) motion to alter or amend or alternatively Rule 15(a) motion for permission to file second amended complaint [Dkt. # 12] is DENIED.

---

**3.** The Court notes that plaintiff raised this allegation in a previous filing, so it is not an entirely new allegation. Pl.'s Brief Re: Subject Matter Jurisdiction at 8. In addition, to the extent plaintiff is arguing that he is suffering ongoing injury by the IRS engaging in mail fraud, that allegation is not relevant or proper. *Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 403 (D.C.Cir. 2012) ("[A] 59(e) [motion] is not a vehicle to present a new legal theory that was available prior to judgment . . . .").